## P. M. SANDERS v. A. WETTERMARK & SON, ET AL.

Decided January 5, 1899.

**1. Surety—Rights as to Cosurety.**

A surety on a note owes no duty to his cosurety to apply upon the note any of the proceeds of sale of the principal's cattle which came into the surety's hands under an arrangement by which he was to use the same to pay the persons from whom the principal purchased the cattle and to reimburse himself for advances not included in the note made for the same purpose, where the proceeds proved insufficient to pay such persons and make such reimbursements.

**2. Practice—Dismissal as to Defendant Not Cited.**

It is error to render verdict and judgment in favor of one of several defendants who has not been cited; the judgment as to him should be one of dismissal without prejudice.

APPEAL from the County Court of Nacogdoches.   Tried below before Hon. H. F. DUNSON.

*E. B. Lewis*, for appellant.

GARRETT, CHIEF JUSTICE.—A. Wettermark & Son brought suit in the County Court of Nacogdoches County to recover of P. M. Sanders and J. R. Buchanan a balance due upon their joint and several promissory note.   The note was dated August 6, 1896, payable to the order of A. Wettermark & Son on December 10, 1896, for the sum of $840.42, with interest from date until paid at the rate of 10 per cent per annum and 10 per cent attorney fees if placed in the hands of an attorney for collection.   It was credited on the day that it was due by cash of P. M. Sanders $435.40, one-half of the amount of the principal and interest then due.   Both of the defendants answered that the note was executed in renewal of two notes executed by them to A. Wettermark & Son with and as sureties for one J. J. Millard, and prayed that Millard be made a party to the suit and for judgment over against him in case of recovery against them.   Buchanan pleaded against his codefendant Sanders that the latter had received from Millard collateral securities for the notes executed by themselves and Millard in renewal of which the note sued on had been executed, and also that Millard had paid to Sanders after the execution of said notes, in actual cash, more than enough to pay the same in full, and prayed for a legal and equitable adjustment between them.   Sanders denied the allegation contained in Buchanan's answer against him; averred that he had paid at the maturity of the note one-half of the principal and interest thereof, and asked that judgment be rendered directing that execution be levied first upon the property of Buchanan, and for judgment and execution over against Buchanan for such amount of said indebtedness as he might be compelled to pay.   Millard did not answer, and there is no citation nor anything in the record to show that he was ever made a party to the suit.   Trial was had by jury and resulted in a judgment in favor of the plaintiffs for the balance due on the note sued on, principal, interest, and attorney fees, and also in favor of Millard that he go hence without day.   No judgment was rendered in favor of either Buchanan or Sanders over against the other.   Sanders moved for a new trial as between himself and his codefendant Buchanan, which was refused, and he now on appeal seeks to reverse that part of the judgment of the court below.

The evidence showed that in addition to the notes in renewal of which the note sued on was given the defendants Buchanan and Sanders were also sureties for Millard upon a note executed to one Vaughn and upon certain contracts for the delivery of cattle.   Millard put into the hands of Sanders collateral security for the payment of the Vaughn note, a part of which was realized on and the proceeds paid to the note.   The Vaughn note was finally paid, and the collateral remaining in the hands

of Sanders, which was worthless, was delivered up to Millard. It was not deposited and never intended as security for any other debt than the Vaughn note, and Sanders received no benefit from it except such of it as went to the payment of the Vaughn note. In order to enable Millard to meet his cattle contracts, Sanders advanced to him in money the sum of $2175, and when the cattle were sold the proceeds of the sale were applied to the payment of advancements of money by parties with whom the contracts were made and for cattle bought to fill the contracts, and also to reimburse Sanders for money advanced by him to purchase cattle under the contracts, and for the expenses of Millard in gathering and delivering the cattle. Sanders went to Henderson, where the cattle were to be delivered, to see that the contracts were protected and the proceeds applied to the payment for the cattle purchased, and for that purpose received most of the proceeds and paid them out to the persons entitled thereto. The money received for his own advancements lacked $179.55 of the full amount due him. He received no money for appropriation to the note of $500 for money borrowed of plaintiffs; he made the payment credited on the note sued on out of his own funds. The cattle were delivered and the proceeds received and appropriated, as above stated, in April, and afterwards in August the defendant Buchanan joined Sanders in the execution of the note sued on, with full knowledge of all that had been done.

Upon the issue between Buchanan and Sanders the court charged the jury substantially, that if they believed from the evidence that in purchasing and handling the cattle Millard borrowed money from various parties, and among other amounts $500 from A. Wettermark & Son, and that said $500 was a part of plaintiffs' claim, and upon the sale of the cattle in Henderson, Millard did not receive the proceeds of the sale, but that it went to the payment of sums of money borrowed, and that after paying a number of creditors at the time of the sale the balance was turned over to P. M. Sanders, and the jury found that Sanders used the same in the settlement of the expense incurred in the purchase and handling of said cattle, but further found that he made no payment from said funds on the note of A. Wettermark & Son, and that the funds placed in the hands of Sanders were not sufficient to pay off in full all the proper claims which went into the expense of the cattle, including the $500, then the same should have been paid pro rata, and said pro rata amount should have been credited on the note sued upon for the benefit of both defendants alike; and that if the amount paid by Sanders in the note was not more than a pro rata part of the money received by him, the jury should not find for either of the defendants as against the other. The court further charged the jury as follows: "The form of your verdict will be: 'We the jury find for the J. J. Millard and in favor of the plaintiff .... dollars and .... cents, with 10 per cent interest from this date,' and then add whatever may be your finding as to the defendants under the foregoing instructions."

The defendant Sanders asked for appropriate instructions as to his right to recover over against his codefendant if the jury should believe that he had paid one-half of the note and had received no collateral or money for the security or payment thereof, which were refused by the court. The charge of the court to the jury was not authorized either by the pleadings or the facts in the case. There was nothing whatever in the evidence to show any obligation or duty on the part of Sanders to pay any of the proceeds of the cattle upon the Wettermark & Son note. There was no equity calling for the equal distribution of the money among all of Millard's creditors for funds used in the purchase of the cattle even if it had been pleaded, since Buchanan and Sanders were both sureties also upon the cattle contracts. It appeared from the undisputed evidence that Sanders advanced to Millard in order to enable him to carry out these contracts more money than he got back when the cattle were sold. Buchanan knew all the facts when he joined Sanders in the renewal of the note. The charge of the court was error. The evidence called for a peremptory instruction to the jury to find for the defendant Sanders over against his codefendant Buchanan. For these reasons the judgment of the court below except as to the recovery in favor of the plaintiffs will be reversed, and this court will here render such judgment as the court below should have rendered; that is, that the said Millard be dismissed without prejudice to the rights of the defendants against him, because he was not served with process and did not answer in the suit, and that the defendant Sanders recover over and have execution against the defendant Buchanan for such amount as he may be compelled to pay of the judgment of the plaintiffs against them jointly.

*Reversed and rendered.*