## W. C. NORTH v. T. B. COUGHRAN ET AL.

### Decided February 5, 1908.

**1.—Deed—Reservation of Improvements—Innocent Purchaser—Evidence.**

Ordinarily a statement in a deed in a chain of title that certain improvements on the land conveyed belonged to a third party then in possession of the land, would charge a subsequent purchaser of the land with notice that said improvements did not pass with the land. But where the owner of the improvements abandons them and allows the owners of the land to exercise exclusive acts of ownership over them for five years, and declares to the attorney of a subsequent purchaser that he has no interest in the property, such facts will warrant a finding that the subsequent purchaser was an innocent purchaser and therefore entitled to hold the improvements.

**2.—Judgment—Parties—Effect.**

Where a party admits that he has no interest or fails to show any interest in the subject matter of the suit, he cannot complain of the disposition of the same by the judgment.

**3.—Trespass to Try Title—Not Guilty—Defenses.**

The impleading of his warrantors and praying that he be quieted in his

title by a defendant in trespass to try title is not pleading his title specially, and does not prevent him from making any defense he may desire under his plea of not guilty, except limitation.

Error from the District Court of Wilson County. Tried below before Hon. E. A. Stevens.

*C. L. Bass* and *W. H. Blanton,* for plaintiff in error.

*Cocke & Cocke* and *L. B. Wiseman,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by W. C. North, who will be designated as plaintiff, against A. B. Briscoe, W. A. Coughran, T. B. Coughran, H. W. Wiseman, Reagan Wiseman, Lee Wiseman, Robert Wiseman and Charles W. Kimball, designated herein as defendants, to recover of them a parcel of land in A. J. Williams addition to the town of Floresville, block "G," which is a square with sides four hundred feet in length. In addition to the ordinary allegations in an action of trespass to try title, it was alleged that on or about October 1, 1900, T. B. Coughran and W. A. Coughran acquired the legal title to said land, to be held in trust for plaintiff, but that they had failed and refused to convey the title to plaintiff, as they should have done, that it was the homestead of plaintiff and his family, and that the Coughrans had made some kind of transfer of the legal title and the other defendants were claiming it. The Coughrans pleaded general denial and not guilty. The defendant Kimball pleaded not guilty and that he was a purchaser, for value, without notice from the Coughrans and asked that he be quieted in his title, and in the alternative for judgment against his warrantors. W. R. Wiseman pleaded not guilty and that he was an innocent purchaser of six lots in the block sued for, from C. W. Kimball, and prayed in the alternative for judgment against him for his purchase money. A. B. Briscoe filed a general demurrer and general denial and H. W. Wiseman, R. A. Wiseman and L. B. Wiseman filed disclaimers. Before the trial plaintiff abandoned all claim to lots nine and ten in the block sued for. The cause was tried without a jury and resulted in a judgment of dismissal as to A. B. Briscoe, H. W. Wiseman, R. A. Wiseman, and L. B. Wiseman, that plaintiff take nothing by his suit and pay all costs, that Kimball recover of plaintiff lots 6 to 22 inclusive in block G, and that W. R. Wiseman recover of plaintiff lots 40 to 45 inclusive.

In 1901, Mrs. E. M. Harrison made a deed of conveyance to A. B. Briscoe to lots 11 to 20 inclusive in block G, Railroad addition to Floresville, and in the same year D. C. McRae conveyed to Briscoe lots 6, 7, 8, 40, 41, 42, 43, 44 and 45, in same block. In the Harrison deed there was a clause disclaiming any attempt to convey the cotton gin and grist mill and machinery incident thereto, which she declared to be the property of W. C. North. The testimony indicates that plaintiff, being desirous of purchasing the land, on a portion of which his gin and grist mill were situated, made arrangements with A. B. Briscoe by which he was to purchase and pay

for the land and have it conveyed to him with the understanding that Briscoe would sell it to plaintiff for the same price, the sum of $2000, when plaintiff paid the same. In order to pay Briscoe for the land plaintiff borrowed $2000 by giving a note to S. V. Houston for the amount, which was signed by plaintiff and T. B. and W. A. Coughran. Plaintiff, in securing the names of the Coughrans to the note, told them that Briscoe owned the property, which was true, and that he desired to purchase it, and told them that if they would purchase the property and give him time to pay for it he would keep the property in repair, pay the interest on the money and pay them what they gave for it, and informed them what they gave for it, and informed them that Houston would lend the money. The note was executed, the money borrowed and Briscoe paid off and he conveyed the land to the Coughrans, and the deed was duly recorded. Plaintiff never paid off the note to Houston, and early in 1903 plaintiff bought a farm and moved his family to it with the expectation of making it his home, and with the design of abandoning the property in controversy as a home. The Coughrans paid off the note held by S. V. Houston and took possession of the property. Plaintiff at that time was living on his farm and North made no claim to any part of it. The Coughrans rented a house on the property to a brother of the plaintiff, and he paid the rent to them and North never at any time claimed any rents or exercised any control over the property. The Coughrans ran the gin in 1904, and in 1905 leased it to John Griffith. On May 14, 1906, the Coughrans sold the property to C. W. Kimball, who, prior to his purchase, employed attorneys to investigate the title and they pronounced it perfect. Kimball, at the time of his purchase of the land, had no knowledge of any kind of claim that plaintiff had to it. The Coughrans were in possession when Kimball bought the land, for a valuable consideration. On May 31, 1906, Kimball sold a part of the property to W. R. Wiseman for $500 in cash. He was one of the attorneys who investigated the title for Kimball. He knew nothing of any claim plaintiff was setting up to the land, and plaintiff, before the purchase by Kimball, told W. R. Wiseman that he did not have any interest in the property.

Through assignments of error from the first to the ninth inclusive, plaintiff seems to be claiming only the house, gin, mill and machinery, and to have abandoned any claim to the land. The claim is that "the great preponderance of the evidence proves that appellant held a title stronger than anyone else" to the house, the gin, mill and machinery. It is true that the second proposition under the seventh assignment of error is that "appellee Kimball having plead his right of possession specially in answer to appellant's allegations of same, is limited in his proof to the defense so plead and can not establish by proof any defense not specially plead," but what the proposition has reference to does not appear from the statement, nor are we able to determine what point is sought to be raised. Kimball set up no special defense in his answer. He merely pleaded not guilty, alleged that he had obtained a warranty deed to the property and asked for judgment in the alternative

against his warrantors, and pleaded that he had a title in fee to the land and that he be quieted in his title. The nine assignments of error are fully met by our conclusions of fact which are in line with those of the trial court.

Kimball was a purchaser in good faith for value, without notice of any claim upon the part of plaintiff to either the land or the houses or machinery thereon. It is true that the deed of Mrs. Harrison to Briscoe put all persons upon notice that plaintiff owned the cotton gin, grist mill and machinery and house, and that they were not conveyed with the land on which they stood, and that was sufficient to put Kimball upon inquiry as to the claims of plaintiff to the property. At the time Kimball bought the property the Coughrans had been in possession of all the property for two years, renting, using and enjoying it and exercising the exclusive rights of ownership over it, not only the land, but the houses and machinery thereon, and plaintiff had been living in the country for over two years. These were circumstances going to show that plaintiff had parted with his claim; but not only did these circumstances exist, but prior to the sale to Kimball plaintiff told one of the attorneys, who had been employed to investigate the title to the property, that he did not have any interest in the property. The evidence indicates that the declaration was made by plaintiff to the attorney while the latter was prosecuting the investigation of the title for and in behalf of Kimball. It is true that the attorney afterwards bought a part of the land from Kimball, but there is nothing to indicate that he was at the time of the conversation contemplating buying, but on the other hand that he was representing Kimball, who bought the property on the report made by the attorneys as to title. We think the proof offered by Kimball removed the effect of any notice conveyed through the medium of the Harrison deed.

Under ordinary circumstances a deed to land carries with it the improvements thereon, and there was nothing in the chain of title in this case to excite inquiry as to the improvements except the recitation in the deed of Mrs. Harrison to Briscoe, which was made about five years before Kimball purchased the property. We think, as before stated, that reservation in the deed was sufficient to excite inquiry, but we think when inquiry elicited evidence of possession and exercise of ownership for more than two years, the removal to a farm of plaintiff, and the declaration of plaintiff that he owned no interest in the property, that these matters were sufficient to justify the purchase. The declaration of no interest in the property was a declaration of no interest in land, houses or machinery. The court was justified in finding that Kimball was an innocent purchaser.

The sixteenth assignment of error complains that the court erred in rendering judgment for Kimball for lots nine and ten, twenty-one and twenty-two, but as plaintiff filed a paper stating that he had no interest in the first two lots named and failed to show the remotest interest in the last two, we fail to see what concern it is of his as to what was done with them. Neither of the lots was included in the deeds to Briscoe.

There is no force in the contention that proof of an innocent purchase can not be made under a plea of not guilty. "Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded." Rev. Stats., art. 5257; McKamey v. Thorp, 61 Texas, 648. None of the cases cited to show that Kimball was precluded by his pleading from proving that he was an innocent purchaser, is applicable in this case. No case can be found in which it has been held that impleading warrantors, or asking for the quieting of the title in the defendant, prevents him from proving any and all defenses under the plea of not guilty, except limitations. The case of Sayers v. Texas Land & Mortgage Co., 78 Texas, 244, cited by appellant, does not sustain the proposition of appellant as applied to the pleading in this case, but on the other hand sustains the opposite position. In that case the Mortgage Company pleaded not guilty and also specially pleaded that certain parties, not in the suit, had each executed deeds in trust upon the land in controversy to secure a debt, and that a part of the land had been sold under the mortgage and prayed that it be protected in its rights to the land not sold. The court said: "Such being the state of the pleadings, the defendant offered evidence for the purpose of showing title to the land in controversy through chains of conveyances of which the deeds in trust above mentioned were not parts. To this evidence the plaintiff objected upon the ground that the defendant had pleaded specially its title, and in its evidence was confined to the title so pleaded. The evidence was admitted and its admission is assigned as error. The rule of law invoked by plaintiff is well established in this court, but it is apparent from an inspection of the special answer that it does not apply in this case. It was not the purpose of the pleader to set forth in that answer the title upon which the defendant relied to defeat a recovery. It was not a special plea of title. There was a plea of not guilty, and under that plea it was the right of defendant to introduce evidence of any chain of title under which it claimed."

The principle upon which the rule is founded that a party, in trespass to try title, will be confined to the special title pleaded, is that it would operate as a surprise to the other party to permit proof of another title or defense not set up in the pleading. The principle has no application in a case where no special title or defense is pleaded. Appellant does not attempt to show what the special title or defense of Kimball was, and neither can it be done.

In the case of Sayers v. Mortgage Company the proof of innocent purchaser was objected to, but in this case the evidence was not objected to, but the point is sprung for the first time in this court, and that, too, without being based upon any assignment of error fairly raising such an issue. It has been discussed only in deference to the earnestness with which it has been argued to this court.

The judgment in this case is based on the purchase of the property by Kimball in good faith, for a valuable consideration, without notice of the claim of plaintiff and it would be a useless labor to discuss the character of the conveyance to the Coughrans. It cuts

no figure in the disposition of this case. On its face it was a warranty deed.

The judgment will be affirmed.

*Affirmed.*

Writ of error refused.