John K. Scudder et al. v. John W. Cox et al.

Decided April 9, 1904.

**1.—Judgment in Suit by Publication—Attack Upon for Fraud.**

Where the judgment in a suit by publication recites that the defendant was duly and legally cited to appear, and that he appeared by his attorney under appointment of the court, fraud in its procurement does not render it void within itself, but merely affords ground to have it declared void by a proper proceeding seasonably instituted for that purpose.

**2.—Same—Purchaser Pendente Lite—Privity of Estate—Collateral Attack.**

Where the suit affects the title of land owned by the defendant, a purchaser from him takes the land subject to the contingencies of the suit; and, as a privy in estate, he is bound by the judgment, and can not collaterally attack it upon an allegation of fraud in its procurement.

**3.—Same—Collateral Attack.**

Where, in an action to try title to land, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid the effect of the judgment by alleging fraud in its procurement, this is a collateral and not a direct attack upon the judgment.

Appeal from the District Court of Lubbock. Tried below before Hon. J. M. Morgan.

*C. H. Earnest,* for appellants.

*W. B. Crockett,* for appellees.

SPEER, Associate Justice.—This was an action in the usual form of trespass to try title, instituted by appellants against a number of defendants, among whom was the appellee George W. Cox, the others having disclaimed at the trial. The appellee George W. Cox answered by general demurrer, general denial, not guilty, and specially that on the 26th day of February, 1889, one John M. Scudder filed a suit in Justice Court of Mitchell County, Texas, against one W. W. Smaill, in cause No. 1035 on the docket of said court, and made a false and fraudulent affidavit, for the purpose of procuring a citation by publication, that said Smaill was a nonresident of the State of Texas. It is alleged that said Scudder knew said Smaill intimately, and evidently knew the place of his residence at the time of making said affidavit, which was alleged to have been in Denton County, Texas. The answer alleged that said affidavit was made for the purpose of procuring a fraudulent judgment against said Smaill, without the knowledge or notice of said Smaill, with the purpose in view of getting the title to the section of land in controversy in this suit. That said Smaill never had any notice of the pendency of said suit, and that he never authorized anyone to appear and answer for him. The appellee further specially pleaded that he and his vendors paid a valuable consideration for said land, and that they are innocent purchasers without notice. There were other special answers which are not necessary to be noticed.

Upon the trial the jury returned a verdict for appellee upon a charge from the court to the effect that if they found from the evidence that

at the time of the institution of the suit above referred to, and the procurement of the writ of attachment which was levied upon the land in controversy, the defendant in said suit was a citizen of the State of Texas, and John M. Scudder knew of such residence, and said affidavit was false and fraudulently made, then in that event to find for the defendant. Dr. W. W. Smaill is the common source of title. Appellants claim through an attachment lien by virtue of an attachment, dated March 6, 1889, and levied upon the land in controversy as the property of said Samill on the 11th day of said month, issued in cause No. 1035 already referred to. The appellee claims title through a deed of conveyance executed by said Smaill June 29, 1889.

All of the assignments of error, in one form or another, challenge the appellee's right to attack the judgment of the Justice Court of Mitchell County for fraud, and in our opinion they must be sustained. A copy of the judgment in the justice court case, which is incorporated in the record, recites that the defendant had been duly and legally cited to appear, and also that he appeared by his attorney under appointment of the court. It is well settled that fraud of a party does not render the transaction absolutely void within itself, but simply affords ground to have it declared void by a proper proceeding seasonably instituted for this purpose. Judgments constitute no exception to this rule. Murchison v. White, 54 Texas, 85; Maddox v. Summerlin, 92 Texas, 485; Irwin v. Bexar County, 26 Texas Civ. App., 527, 63 S. W. Rep., 552; Williams v. Haynes, 77 Texas, 284.

It is asserted by appellee in this case, however, that he occupies the position of a stranger to the judgment against Smaill, and that he is therefore authorized to attack it collaterally. But we are clearly of opinion that he occupies the relation of privy to the defendant in said judgment, and that both are to be governed by precisely the same rules. A purchaser of lands from a defendant in a suit in which the lands have been attached takes them subject to all the contingencies of the suit, and is bound by the judgment therein. Paxton v. Meyer, 67 Texas, 96; Tuttle v. Turner, 28 Texas, 759; Tilton v. Cofield, 93 U. S., 163; American Exchange Bank v. Andrews, 59 Tenn. (12 Heisk.), 306. As a privy in estate such purchaser is bound by the judgment against his vendor, and can not collaterally attack it upon an allegation of fraud. Hogg v. Link, 90 Ind., 346; Johns v. Pattee, 55 Iowa, 665, 8 N. W. Rep., 653; Black on Judg., par. 549.

That this is a collateral attack there can be no doubt. As said by Mr. Justice Denman in Crawford v. McDonald, 88 Texas, 630: "A direct attack on a judgment is an attempt to amend, correct, reform, vacate or enjoin the execution of same in a proceeding instituted for that purpose, such as a motion for a rehearing and appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on the judgment, defendant at-

tempts to deny the fact of indebtedness; or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc." When tested by these principles, there is no doubt that the attack of appellee falls within the latter class. The issue of fraud in procuring the judgment against Smaill constituted the only defense relied upon to sustain the judgment in appellee's favor, and this being a matter, as we hold, which he can not inquire into, and the evidence being undisputed that appellants are otherwise entitled to the land sued for, the judgment of the trial court should be reversed and judgment here rendered for appellants.

It is unimportant that the justice court judgment failed to foreclose the attachment lien. The proper course seems to have been pursued. The judgment recites the issuance and levy of the writ, and execution was subsequently issued on such judgment and the land sold. Sayles' Civ. Stats., art. 214.

*Reversed and rendered.*

Writ of error refused.