MARY EARLY ET AL. v. J. W. CORNELIUS.

No. 5718. Decided May 16, 1931.
(39 S. W., 2d Series, 6.)

*Thomas & Shapard, B. H. Shapard* and *Clem Calhoun,* for appellants.

Where pleadings of both parties involve the same subject matter, on which each sought affirmative relief, and right of either to relief depends. upon legal status of judgment sued on, court properly refused to allow a non-suit.

In testing the sufficiency of the averments in a plea by the defendant against the plaintiff for affirmative relief, they should be considered in connection with the allegations made in the plaintiff's petition. Wolf v. Wolf et al., 269 S. W., 488; Northern Texas Traction Co. v. City of Polytechnic et al., 236 S. W., 73; Jones et al v. Wagner, 141 S. W.,

280; Howe et al v. Central State Bank of Coleman, 297 S. W., 692.

When the defendant has filed an answer which sets up a cross action against the plaintiff asking for affirmative relief, and plaintiff makes motion to dismiss the cause of action and the same is overruled by the court, the plaintiff is in court and is charged with notice of all papers filed and it is not necessary that service of citation be had upon plaintiff.

All appearances unless limited will be held to be general appearances and a general appearance is a waiver of process and confers upon the court jurisdiction of the person appearing. Mueller v. Heidenheimer, 109 S. W., 447; Republic Oil and Gas Co. v. Owen et al., 210 S. W., 319; York v. State, 11 S. W., 869; Degetau et al. v. Mayer et al., 145 S. W., 1054.

*Smith & Smith,* for appellee.

When plaintiff files a suit and desires to dismiss the same before trial, the trial court can not deny to the plaintiff the right to take a non-suit at any time before defendants have filed an answer asking for affirmative relief. Walker v. Hailey, 236 S. W., 554; Donnelly v. Jeffrey, 283 S. W., 351; Walker & Sons v. Hernandez, 92 S. W., 1067; Kelley v. National Bank, 233 S. W., 782; Hoodless v. Winter, 16 S. W., 427 Sup.; Short v. Hepburn, 35 S. W., 1056 Sup.; Scarborough v. Bradley, 256 S. W., 349.

When a plaintiff has filed a suit and the defendant files his answer and sets up a cross action asking affirmative relief against the plaintiff, it is error to proceed to a trial upon defendants cross action against the plaintiff without first serving the plaintiff with a citation in the same manner and form as required in original suits. Blunt v. Houston Oil Co., 146 S. W., 248; Roller v. Reid, 26 S. W., 1060; Harris v. Schlinke, 65 S. W., 172; Kruegel v. Bolanz et al., 102 S. W., 110.

Mr. Commissioner RYAN delivered the opinion of the court.

This suit was filed on November 30, 1928, by J. W. Cornelius against Mary Early and husband, Charlie Early, Opal Cornelius (a minor) and J. P. Cornelius, individually and as guardian of said Opal Cornelius, for the recovery of approximately 240 acres, in two tracts of land in Jones county.

It is alleged in the petition that J. W. Cornelius and his wife (since deceased) conveyed said lands to their son J. P. Cornelius as a gift, to be his separate property. At that time J. P. Cornelius was a married man. Afterwards the wife of J. P. Cornelius died, leaving surviving, the two children, Mary, now the wife of Charlie Early, and Opal, a minor, above named as defendants. After the death of the first wife, J. P. Cornelius married again, and he, joined by the second wife, reconveyed the said lands to J. W. Cornelius, the plaintiff.

It was further alleged that on December 20, 1917, J. P. Cornelius

attempted to qualify in cause No. 602, Jones county, Texas, as guardian of the estate of Mary and Opal, his minor children, and to file an inventory in said guardianship proceedings setting out that said two minor children own a one-half interest in and to said lands; that said guardianship proceedings were void and the statements contained in said .inventory were false and in truth and in fact they never owned any interest therein.

It was further alleged that the defendants assert "some kind of claim, interest and estate in and to said lands," which casts a cloud thereon. The prayer was for judgment divesting the defendants of any interest or estate in said lands, removal of the alleged cloud on his title, and vesting title and possession of same in plaintiff.

Citation was served on all the defendants, returnable to the then next regular term of court to be held at Anson, in Jones county, on January 7, 1929.

J. P. Cornelius filed no answer and entered no appearance. On January 7, 1929, Mary Early and husband filed their original answer, containing general and special exceptions, general denial, plea of not guilty, and the following special answer, viz:

"And further and specially answering herein come now these defendants and say that the deed set out in the third paragraph of plaintiff's petition alleged to have been executed by J. P. Cornelius and wife, S. E. Cornelius, to plaintiff is void and of no effect. That said deed was executed after the death of defendant Mary Earl's mother and the property attempted to be conveyed by her guardian, J. P. Cornelius, to the plaintiff herein was the community property of her said guardian J. P. Cornelius, and her deceased mother, and that same on the death of her mother descended to this defendant, Mary Early, in the proportions of one-fourth of all of the property described in plaintiff's petition, and that same was attempted to be conveyed back to the plaintiff in this case by defendant, J. P. Cornelius, without authority of law and without the consent of these defendants, and that said deeds alleged by plaintiff, one to be of record in Volume 119, page 460, Deed Records of Jones County, Texas, and one in Volume 129, page 449, Deed Records of Jones County, Texas, and one in Volume 129, page 450, of the Deed Records of Jones County, are void as to these defendants and these defendants say that each and all of said deeds cast a cloud upon the title of the defendants to their interest in the land described in plaintiff's petition, and these defendants pray that judgment be entered cancelling each and all of said deeds in so far .as they attempt to convey the property of these defendants or in any way affect their rights therein and that a judgment of this Court be found and entered to that effect and for all such other and further relief as the defendants may show themselves entitled to, special or general, in law and equity."

On January 31, 1929, the court appointed a guardian-ad-litem "for

the purpose of defending said suit for Opal Cornelius," on the ground that the interest of J. P. Cornelius, guardian of her estate, conflicts with her interest.

On February 5, 1929, plaintiff, J. W. Cornelius, filed the following motion to dismiss:

"Now comes the plaintiff, and dismisses this cause of action as against all of the defendants and prays the court that such order of dismissal be entered and at his cost," which was by the court overruled, on the following day, in the following order:

"On this the 6th day of February, 1929, came on to be heard the motion of plaintiff, J. W. Cornelius, to dismiss the above cause from the docket of this Court and defendants with pleas for affirmative relief appeared and objected to said motion, whereupon the Court overruled the motion to dismiss, and same is hereby in all things overruled."

On February 6, 1929 (whether before or after the motion to dismiss was denied, is not shown), Mary Early and husband filed their amended answer which was the same as their original answer with the following additional averment:

"And the defendants further show to the Court that the plaintiff owns an undivided one-half interest in the land described in Plaintiff's petition, that this defendant, Mary Early, owns an undivided one-fourth interest therein, and that defendant Opal Cornelius, owns an undivided one-fourth interest in all of said land and each and all of the above named parties, plaintiff and defendants, own their respective interest therein in fee simple and as joint owners therein, the same undivided interests. That the two tracts of land described in plaintiff's petition are of the probable value of $12,000.00 and that same is susceptible of partition. That the plaintiff, J. W. Cornelius, has taken possession of said land whereas in truth and in fact the defendant, Mary Early, is entitled to possession of 60 acres thereof. That this Court has jurisdiction to partition same"; the prayer in such amended answer being as follows:

"Wherefore these defendants pray that judgment be entered cancelling each and all of the deeds described in plaintiff's petition in so far as they attempt to convey the property from this defendant or in any way affect her rights therein and that a judgment of the Court be found and entered to that effect, and this defendant further prays that her undivided interest of 60 acres in said land be separated and segregated by partition proceedings and that she be placed in possession thereof and that for the purpose of the partition that the Court find the interest of each and all of the parties thereto and appoint three commissioners as provided by law for the purpose of partitioning the said land between the plaintiff and defendants herein in so far as their interests may be shown and that she have judgment placing her in possession of the part set apart to her and for

all such other and further relief as this defendant may show herself entitled to, special and general, in law and in equity."

On February 6, 1929, the minor defendant, Opal Cornelius, by her guardian-ad-litem, filed answer, containing the same averments and the same prayer (as may be applicable to her) as the amended answer of Mary Early and husband.

The defendants, Mary Early and Opal Cornelius, withdrew their prayers for a partition of said land and the trial court on April 25, 1929, rendered judgment, of which the following is an excerpt:

"On this the 25th day of April, 1929, this cause was regularly called for trial, the plaintiff, J. W. Cornelius, failed and refused to prosecute his suit in this behalf and the defendants, Mary Early and Charlie Early, her husband, appeared in person and by their Attorneys and announce ready for trial and the defendant Opal Cornelius, appeared by her guardian-ad-litem, Clem Calhoun, and answered in this behalf and announced ready for trial and the defendant, J. P. Cornelius, Guardian of Opal Cornelius, though duly cited, failed to appear and answer in this behalf either as individual or as Guardian and a jury being waived the matters of fact as well as of law were submitted to the Court, and the case was tried on the cross actions of defendants, Mary Early, Charlie Early, and Opal Cornelius."

The court then found and adjudged that the property was community property of J. P. Cornelius and his deceased wife at the time of her death and descended in the proportion of one-fourth each to her children, the defendants Mary Early and Opal Cornelius; that the conveyance of J. P. Cornelius and his second wife to J. W. Cornelius was void in so far as it purported to include the interests of Mary Early and Opal Cornelius, and cast a cloud upon their title. It was further ordered that defendants, Mary Early and Opal Cornelius, recover their costs and that plaintiff, J. W. Cornelius, take nothing as against any of the defendants, also that Mary Early and Opal Cornelius and her guardian, J. P. Cornelius, be admitted into joint possession of all the above described land (each as the owner of an undivided one-fourth interest) with plaintiff, J. W. Cornelius, as the owner of an undivided one-half interest in all of said land, and that defendant, J. P. Cornelius, individually and as guardian, be discharged.

On the next day (April 26, 1929) plaintiff, J. W. Cornelius, filed motion for new trial which was overruled, whereupon he prosecuted an appeal to the Court of Civil Appeals at Eastland, resulting in the reversal of the trial court's judgment and remanding of the cause. (24 S. W. (2d) 757.

It is provided in article 2182, Rev. Stat., 1925, that "at any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his

claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." In article 2016 it is provided "where the defendant has filed a counter-claim seeking affirmative relief, the plaintiff shall not be permitted, by a discontinuance of his suit, to prejudice the right of the defendant to be heard on such counter-claim."

It is argued that the dismissal could operate only as to plaintiff's cause of action and not the cross action which remained to be disposed of by the court, and when so disposed of the plaintiff was bound by any judgment rendered thereon.

It is argued, also, that plaintiff's motion to dismiss was a general appearance and when overruled, he was in court for all purposes and charged with notice of all pleadings thereafter filed by the defendants, and therefore service of citation on such cross action was not necessary, to sustain the judgment as rendered. There was no service, acceptance or waiver of process by plaintiff upon the defendants' cross action.

The record herein shows no continuance of the case, agreed to by the plaintiff, and no action by him appealing to the court with reference to or resisting the cross actions.

In Sullivan v. Doyle, 108 Texas, 368, 194 S. W., 136, the rule as to *defendants,* is stated to be "having entered his appearance in the main case, *a defendant* is before the court for all purposes and judgment may be rendered against him on a co-defendant's cross action without the necessity of citation." As to *plaintiffs,* the rule is stated in Harris v. Schlinke, 95 Texas, 88, to be that *a plaintiff* by the filing of his suit does not so invoke the jurisdiction of the court to litigate the subject matter of a cross action as to dispense with the necessity of service, acceptance or waiver of process or of a further appearance after the filing of the cross action.

Although the plaintiff is charged with notice of all pleadings filed in defense of his suit he is entitled to notice of interventions and cross actions affirmatively setting up causes of action against him, and judgments rendered against him upon such interventions and cross actions, in the absence of notice, waiver or appearance, will be set aside. Boyce v. Concho Cattle Co. (Texas Civ. App.), 70 S. W., 356; Field v. O'Connor (Texas Civ. App.), 80 S. W., 872; Bryson v. Boyce, 41 Texas Civ. App., 415, 92 S. W., 820; Smith v. Carr (Texas Civ. App.), 173 S. W., 602; Commercial Credit Co. v. Wilson (Texas Civ. App.), 219 S. W., 298; McGowan v. Lowry (Texas Civ. App.), 230 S. W., 465 (writ refused); Security State Bank v. Merritt (Texas Civ. App.), 237 S. W., 990; Southern Equipment Co. v. Hallman (Texas Civ. App.), 10 S. W. (2d) 261.

Plaintiff's motion to dismiss has no necessary relation to the cross action and was not a general appearance entitling defendants to judg-

ment, without citation, on cross actions subsequently filed (Field v. O'Connor (Texas Civ. App.), 80 S. W., 872), and therefore the rule announced in Harris v. Schlinke, supra, controls here.

The motion for new trial should have been granted and the judgment of the Court of Civil Appeals, reversing the trial court's judgment and remanding the cause, is therefore affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.