Chas. T. Rowland, of Fort Worth, for appellant.

Phillips, Trammell, Chizum, Price & Estes, Haynie E. Edwards, R. E. Rouer, and J. M. Floyd, all of Fort Worth, for appellees.

## GAUSE v. CITIES SERVICE OIL CO. et al.
### No. 12935.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 27, 1934.

Rehearing Denied Feb. 24, 1934.

LATTIMORE, Justice.

Appellee Cities Service Oil Company, referred to by us as company, sued appellant and appellee city of Fort Worth, referred to by us as city, alleging that it held under lease from appellant one-half of a described lot, that the city was claiming that it was the owner of said property by virtue of purchase at a tax sale, and that each defendant was claiming the rent which the company tendered into court and prayed that the true owner be determined.

Appellant delivered to the clerk of the trial court its answer containing, inter alia, a general denial, an averment that appellant was the owner of the lot, of the money tendered into court, a cross-action against plaintiff for more money than the tender, and prayed for money judgment and for possession of the property and foreclosure of the landlord's lien. The clerk received the possession of the pleading and marked the same filed, but, due to some contention about a cost bond,

failed to note the filing on the fee book, and did not place the pleading with the remainder of the court papers in the jacket provided. for same. Four days later, on appearance day, the city filed its answer and alleged facts which it contended showed it was the owner of the entire lot, prayed for title against all other parties and for the money tendered in court.

■ On that same day the court, unaware of appellant's filed pleading, entered judgment for the city without knowledge of or notice to appellant, reciting that appellant was in default. Appellant moved for a new trial, but did not in his motion allege that he had a good defense to the suit of either the city or the company. Appellant was not in default, having his pleading on file. Without negativing other possibilities, it is sufficient to say that the court should not have tried the case, as was done.

■ The city relies upon the want of allegation of a defense in appellant's motion for new trial. The instinct of those trained in and sensitive to the rules of our civilized affairs is against a judgment without a hearing, and we would not willingly give approval to any procedure which, as to the evidence on the merits of the original case, would deprive the defendant of any substantial right in presentation or which would as to same make him assume the burden of a plaintiff. On the other hand, the maintenance of our civil law machinery is expensive, and no litigant should demand of the people that they allow him to use same as a plaything or a smoke screen or other than to promote justice. Hence the rule that the movant must allege a meritorious defense. Such a rule has no application where the movant has on file, at the time the judgment was attempted, an answer which shows such defense. We must measure the appellant and the appellee by the same yardstick, and decry the demand of either that the trial court do an idle thing. No necessity exists to compel a repetition. It is not form but substance that the court looks to, anxious to afford the litigant whom he has unwittingly overlooked the opportunity to speak his case if only he can be assured that such litigant's contention contains the essentials of a case.

Any other rule would require every motion for new trial, even in a contested case, to set up in the motion all the facts, the lengthy contest over which has just been concluded in the extended verdict of the jury after the usual incidents of trial, including the presentation to the jury of the pleadings. Take this case as an example—if the suit had been filed by the city against appellant in trespass to try title, his sufficient answer, as far as pleading is concerned, would have been "not guilty." Suppose a contested trial, conflicting evidence, a jury issue, a verdict for the city. We think the appellant would not be required to allege in his motion for new trial the facts which he verily believes will bring about a different result on another trial. The court already has those facts judicially in that very suit.

The answer of appellant is to the charge then on file, i. e., that the tenant has the money, that the city claims the property and the money, and that the city must answer whether the landlord's claim is true. To this appellant answers that he is the owner and that the money is his. It is an answer to the whole case, and puts not only the company but the city on notice of his claims. Of this answer, at least in the portions last quoted, the city must take notice. Vernor v. D. Sullivan & Co. (Tex. Civ. App.) 126 S. W. 641; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6. If so, the appellant need not in his motion for new trial set up anew what is already in the answer.

We do not wish our remarks to be given any improper extension, and have not intended same to suggest any position on the adequacy of such a pleading to meet all issues made by the city or the necessity of cross-answer to specific averments. We do say it was such an answer as met the requirements of an allegation of a meritorious defense for the purposes of a motion for new trial. See Foster v. Christensen (Tex. Com. App.) 67 S.W. (2d) 246, not yet published [in State reports].

The judgment of the trial court is reversed, and the cause is remanded.

## On Motion for Rehearing.

■■ Appellee insists that the testimony on the witness stand given by counsel for appellant on the motion for new trial that he, the witness and counsel, did not know whether the title of the city of Fort Worth was good or not, was sufficient to negate any presumptions arising from the answer on file.

Certainly an answer made fraudulently or in violation of the duty of an attorney as an officer of the court whose signature is required to a pleading, in part as a voucher of good faith in the facts alleged, would not be conclusive against a showing of the former facts. However, this is a statutory motion filed within the ten days allowed by law.

It is not a proceeding in equity. It fully conforms to the requirements of article 2232, R. S.; article 2092, subd. 29, R. S.

The motion is overruled.