## LINDSEY v. FERGUSON et al.

No. 1322.

Court of Civil Appeals of Texas. Eastland.
Jan. 18, 1935.

Rehearing Denied Feb. 15, 1935.

L. C. Counts, of Olney, for plaintiff in error.

Shropshire & Bankhead, of Weatherford, for defendants in error.

HICKMAN, Chief Justice.

For convenience the parties will be designated as in the court below, wherein plaintiff in error was plaintiff and defendants in error were defendants. On December 12, 1932, plaintiff instituted suit against W. H. West, W. D. Taylor, and Silas W. Ferguson; the nature of the suit being an action in trespass to try title. On February 13, 1933, West and Taylor filed disclaimers and Ferguson filed his answer and cross-action. On March 7, 1933, the appearance day of the March term of court, when the case was called the attorney for plaintiff asked leave to dismiss his suit, which was done without prejudice. Upon the request of Ferguson's attorney the case was then set for trial on his cross-action for March 16, 1933, "both of said attorneys being present in court at the time of said setting, but the attorney for plaintiff not asking for nor agreeing to any setting." When the case was called for trial on March 16th, plaintiff's attorney was in court, but announced that he was not in any manner appearing for plaintiff and that there had been no service on plaintiff of any citation on the cross-action of the defendant Ferguson. Plaintiff's attorney did not remain in the courtroom while said case was being tried, nor was plaintiff present in person at said trial. Upon the announcement by Ferguson that he was ready for trial on his cross-action, the court heard the evidence and rendered judgment in his favor thereon, which judgment is before this court on writ of error.

■ "Although the plaintiff is charged with notice of all pleadings filed in defense of his suit, he is entitled to notice of interventions and cross-actions affirmatively setting up causes of action against him, and judgments rendered against him upon such interventions and cross-actions, in the absence of notice, waiver, or appearance, will be set aside." Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6, 8. This statement of the rule by the Supreme Court is but a reaffirmance of the rule long recognized in this state. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Cornelius v. Early (Tex. Civ. App.) 24 S.W.(2d) 757. When a cross-action is filed the plaintiff occupies the position of a defendant with reference thereto, and the same means must be used to call on him to answer thereto as are required to compel the defendant in the original suit to appear and answer. Harris v. Schlinke, supra; Kruegel v. Bolanz, 100 Tex. 572, 102 S. W. 110; Scarborough v. Bradley (Tex. Civ. App.) 256 S. W. 349. Admittedly, no citation was ever issued on defendant's cross-action, and the only inquiry is whether the plaintiff waived the issuance thereof or entered his appearance.

■ It is claimed that the plaintiff waived the issuance and service of citation by entering into a stipulation with regard to the introduction of evidence. The court's finding is that, after the filing of the cross-action, and before the appearance day of the term of court at which plaintiff dismissed his suit, "L. C. Counts, Esq., the attorney of record for plaintiff, after having been furnished with copies of said disclaimers of W. H. West and W. D. Taylor, and the answer and cross-action of defendant, Silas W. Ferguson, prepared and executed, and furnished to the attorney representing said defendant Silas W. Ferguson, an agreement to use the Records of Young County, Texas, in introducing instruments therein recorded, in the trial of this case, and that said agreement was signed by both of said attorneys and same was used and introduced into the evidence of this case by attorney for the defendant Silas W. Ferguson." This stipulation, in our opinion, did not amount to a waiver of citation, or to an appearance. At the time it was executed plaintiff's suit was still pending, and doubtless the agreement was referable thereto, for certainly plaintiff's attorney would not have been concerned with initiating an agreement for the convenience of defendant. The signing of this stipulation invoked no ruling of the court. It was not even filed by plaintiff's attorney, but was introduced in evidence upon the trial of the case by defendant's attorney. Under these circumstances we cannot give to it the effect of dispensing with the necessity of citation. Wells v. Ames Iron Works, 3 Willson, Civ. Cas. Ct. App. § 296; American Surety Co. v. Stebbins, Lawson, Spraggins Co., 107 Tex. 413, 180 S. W. 101, L. R. A.

1916F, 583; McGowan v. Lowry (Tex. Civ. App.) 230 S. W. 465.

■ It is next contended that the action of plaintiff's counsel on appearance day in moving the court to dismiss his suit was a general appearance. It is claimed that the applicable rule is as stated in Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584, 590, quoted in 15 Tex. Jur. pp. 267, 268, and cited with approval in Thompson v. Gaither (Tex. Civ. App.) 45 S.W.(2d) 1106, as follows: "The plaintiffs having appeared and invoked the jurisdiction of the court, thereby challenging the defendants to answer by matters defensive, as well as offensive, they must be held to have had notice of every fact pleaded by the defendants prior to the time they announced their decision to take a nonsuit."

In Cornelius v. Early, 24 S.W.(2d) 757, this court expressly refused to recognize that rule, but, on the contrary, held that the appearance by plaintiff for the purpose of dismissing his suit was not an appearance to a cross-action then on file, citing numerous cases in support thereof. A writ of error was granted in that case, but our judgment was affirmed by the Supreme Court. See Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6, 8. The real contention between the parties in the instant case regarding the question under discussion grows out of different interpretations of one sentence appearing in the opinion of the Supreme Court as follows: "Plaintiff's motion to dismiss had no necessary relation to the cross-action and was not a general appearance entitling defendants to judgment, without citation, on cross-actions subsequently filed (Field v. O'Connor (Tex. Civ. App.) 80 S. W. 872), and therefore the rule announced in Harris v. Schlinke, supra, controls here."

It is the contention of the defendants that, by the use of the word "subsequently" the Supreme Court limited our holding. In that case the cross-action of one of the defendants was filed subsequently to the motion of the plaintiff to dismiss, but the cross-actions of the other defendants were filed prior to that time. It is accordingly contended that the Supreme Court affirmed our judgment reversing the judgment of the trial court upon the ground alone that the judgment should not have been rendered on the cross-action of the one defendant filed subsequently to the motion to dismiss. We do not so interpret that opinion. We do not find therein any warrant for the conclusion that the entire judgment of the lower court was properly reversed simply because it was erroneous as to

one of the plaintiffs in the cross-action. If the language above quoted was merely announcing that, if a defendant files a cross-action after plaintiff's case is dismissed, service must be had thereon upon the plaintiff, it was but the pronouncement of a self-evident fact, and one which would seldom arise. This for the reason that, when plaintiff dismisses his case and no cross-action is then on file, there is left no suit pending in which to file a cross-action. It will be observed that, in the sentence quoted, and immediately following the words "subsequently filed," there is cited, as authority, the case of Field v. O'Connor (Tex. Civ. App.) 80 S. W. 872. It cannot be questioned that that case was cited with approval and in support of the very rule announced in the quoted sentence. A reference to the cited case discloses that the plaintiffs therein dismissed their suit after the cross-action was filed, and it was held that citation and service of the cross-action on the plaintiffs was necessary to give the court jurisdiction to render judgment against them thereon, and that the appearance by plaintiffs for the purpose of dismissing their suit was not an appearance on the cross-action filed prior to that time. The Supreme Court denied a writ of error in Field v. O'Connor, and cited it with approval in Early v. Cornelius, supra. We would not, therefore, be authorized in concluding that its holding was overruled or limited by the opinion in the latter case.

■ It is next contended that plaintiff entered his appearance to the cross-action on the day the case was tried on its merits. There is testimony in the record that plaintiff's counsel was present in the courtroom on the day when the case was tried and presented authorities in support of his contention that the case should be continued until next term in order for citation to be served on him, but the finding of the trial court does not go that far. It is as follows: "When said cause was called on March 16, 1933, the attorney for plaintiff was in court, but announced that he was not in any manner appearing for plaintiff, and that there had been no service on plaintiff of any citation on the cross-action of defendant Silas W. Ferguson, and said attorney did not remain in the court room while said case was being tried, nor was plaintiff in person present at said trial."

The general rule obtaining in most jurisdictions is that an appearance made solely for the purpose of challenging the jurisdiction of the court is not a general appearance, and does not waive the illegality of the service or submit the party to the court's jurisdic-

tion. That was the rule in Texas prior to the enactment of the statutes presently to be noticed. York v. State, 73 Tex. 651, 11 S. W. 869. If, therefore, appellant is held to have waived the issuance and service of citation, or to have entered his appearance, such holding must be based upon some statutory provision. It is not contended that he formally entered his appearance in accordance with article 2046, or that he executed any waiver in accordance with article 2045. Article 2047 provides that an answer shall constitute an appearance. The term "answer" includes all pleadings by the defendant. It was accordingly held in York v. State, supra, which holding was reaffirmed in Atchison, T. & S. F. R. Co. v. Stevens, 109 Tex. 262, 206 S. W. 921, that the filing by the defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and is a submission of the jurisdiction of the forum. This holding was made necessary by the statutory provision that an answer shall constitute an appearance. Fairbanks & Co. v. Blum, 2 Tex. Civ. App. 479, 21 S. W. 1009. Had appellant filed an answer to the cross-action, even though such answer merely alleged the want of jurisdiction, he would have thereby entered his appearance. But he filed no answer of any character. He cannot, therefore, be held to have appeared under and by virtue of the provision of article 2047, and the authorities supra construing the same.

By article 2048, R. S. 1925, it is provided, in substance, that, if the citation or service thereof is quashed on motion of defendant, he shall be deemed to have entered his appearance to the succeeding term of the court. The judgment of the trial court cannot be affirmed on the authority of this statute. If the announcement by appellant's attorney, above copied, should be held to be equivalent to a motion to quash the citation or service thereof (which, in our opinion, it could not be), no authority exists for a holding that he thereby appeared prior to the succeeding term of court.

There are many authorities holding that a party enters his appearance, or waives the issuance of citation, by some act. A typical case of this character is St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S. W. 75. In that case, the defendant moved the court for an order requiring plaintiff to give security for costs, and it was held that by so doing it entered its appearance. The opinion in that case was written by Justice Greenwood and his reasoning throws much light on the ques-

tion now under consideration. From that opinion we quote: "It seems to be almost uniformly held that a general appearance is entered whenever the defendant invokes the judgment of the court in any way on any question *other than that of the court's jurisdiction*, without being compelled to do so by previous rulings of the court sustaining the jurisdiction." (Italics ours.) And again: "The defendant having appeared, and not having assailed, but having invoked, the court's jurisdiction, became subject thereto. * * *"

Had the defendant in that case assailed the court's jurisdiction in some manner, other than by the filing of an answer, or motion to quash, he would not thereby have become subject thereto.

■ Article 2050, R. S. 1925, provides: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law."

The provisions of this article should be rigidly observed. The mere presence of a party or his attorney in the courtroom on the day the case is set for trial is insufficient to constitute an appearance. Gutierrez v. Cuellar (Tex. Civ. App.) 236 S. W. 497; Jameson v. Farmers' State Bank (Tex. Civ. App.) 299 S. W. 458; Scarborough v. Bradley (Tex. Civ. App.) 256 S. W. 349; Cornelius v. Early (Tex. Civ. App.) 24 S.W.(2d) 757. If his presence constitutes no appearance, then how could it, in reason and justice, be held that his verbal statement to the court that no citation had been issued, or served, and that he was not making his appearance in the case, operate as an appearance? If it does, there is no legal difference between assailing a court's jurisdiction and invoking it. We are unwilling to hold that a difference does not exist and that the consequence of having made an appearance should be visited upon one simply because he informs the court that he has not been cited.

It is our conclusion that the trial court had no jurisdiction over the person of plaintiff, and its judgment will accordingly be reversed and the cause remanded.

### On Rehearing.

The motion for rehearing quotes extensively from the opinion of the Court of Civil Appeals at Waco in the recent case of Waco Hilton Hotel Co. v. Waco Dev. Co., 75 S.W.(2d)

968. It is obvious that our holding is in conflict with some of the expressions to be found in that opinion, but it is not in conflict with the holding therein. The facts of that case show that an appearance was entered under the authorities cited by us in our original opinion.

The motion for rehearing is overruled.