# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

--------------

## NO. 03-01-00050-CV

--------------

**Randolph Doyer, Appellant**

v.

**Pitney Bowes, Inc. and Pitney Bowes Credit Corporation, Appellees**

---------------------------------------------------------------------

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT**
**NO. 99-12461, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**
---------------------------------------------------------------------

The district court rendered summary judgment that Randolph Doyer, doing business under the trade name Doyer Equipment Company, take nothing by his actions against Pitney Bowes, Inc. (PBI) and Pitney Bowes Credit Corporation (PBCC). Doyer appeals. We will affirm the judgment.

## THE CONTROVERSY

The material facts are undisputed. On April 6, 1993, Doyer obtained from PBCC certain mailroom equipment pursuant to a Alease contract@ between them. On April 19, 1993, Doyer obtained from PBI a postage meter pursuant to a Arental contract@ between those parties. The two contracts

embodied a single transaction, albeit two distinct contracts between different contracting parties.[1] PBCC is a subsidiary of PBI; both are corporations organized and existing under the laws of the State of Delaware.

On September 30, 1999, PBI sued Doyer in a small-claims court[2] in Travis County to recover $937.18 in past-due rent allegedly owed by Doyer under the postage-meter contract, together with $1,400 alleged to be the market value of the postage meter that Doyer refused to surrender to PBI as required by that contract. The action in small-claims court evidently proceeded no further.

The litigation developed thereafter in district court after Doyer filed in that court an original petition declaring A[t]his lawsuit is filed in the nature of a compulsory counterclaim to the lawsuit filed by [PBI] in . . . the Small Claims Court.@ Doyer prayed for money damages on various causes of action, each of which pertained exclusively to the mailroom-equipment contract to which PBI, the sole defendant named by Doyer, was *not* a party. PBI appeared in the cause by filing an original answer alleging a general denial, the bar of limitations, and several affirmative defenses. Thereafter, PBCC appeared in the cause by filing a

---

[1] Nothing in the summary-judgment record contradicts Doyer=s affidavit, filed in response to the motion for summary judgment urged by PBI and PBCC, wherein he concludes on verified facts that the two contracts constituted a single transaction.

[2] The jurisdiction of such courts is limited to actions for the recovery of money in which the amount involved does not exceed $5,000 exclusive of costs. *See* Tex. Gov=t Code Ann. ' 28.003(a) (West Supp. 2002).

petition in intervention. PBCC alleged therein a cause of action against Doyer for money damages based upon Doyer=s breach of the mailroom- equipment contract.

At the time of the summary-judgment hearing, the state of the pleadings was as follows:

*Doyer=s Pleadings.* In a third amended original petition, Doyer declared again that his Alawsuit is in the nature of a compulsory counterclaim to the lawsuit filed by [PBI] in the Small Claims Court.@ He alleged essentially the same causes of action as those set forth in his original petition, but added PBCC as a defendant in addition to PBI. Doyer=s allegations still pertained solely to the mailroom-equipment contract to which PBCC was a party but PBI was not. To impose liability upon both corporations, Doyer alleged they had acted in the transaction as co-conspirators and a single business enterprise, that the two corporations were Ainextricably intertwined,@ or that they had acted in a joint venture or partnership.

In defense of PBCC=s claim for damages against Doyer, set out in PBCC=s petition in intervention, he alleged in his third amended original petition the doctrines of set off, failure of consideration, fraud, and waiver.

*PBI=s Pleadings.* In its second amended original answer, PBI interposed to Doyer=s claims a general denial, the bar of limitations, and several affirmative defenses. In a separate instrument titled AFirst Amended Counterclaim,@ PBI alleged against Doyer causes of action for money damages based upon Doyer=s alleged breach of the postage-meter contract *and* the mailroom- equipment contract. It is undisputed, however, that PBI was not a party to the latter contract.

*PBCC=s Pleadings.* PBCC=s cause of action against Doyer, set out in the former=s petition in intervention, remained a live pleading at the time of the summary-judgment hearing. PBCC requested therein damages of $4,937.20 as past-due rent owing under the mailroom- equipment contract and $11,110.50 as the reasonable rental value of the mailroom equipment that Doyer allegedly refused to surrender on expiration of that contract.

At the time of the summary-judgment hearing, PBCC=s live pleadings also included its first amended original answer to Doyer=s claim against PBCC. PBCC set out therein a general denial, the bar of limitations, and several affirmative defenses.

PBI and PBCC moved for summary judgment that Doyer take nothing by his claims against them because they were barred by limitations. It is undisputed that Doyer=s causes of action are indeed barred by applicable statutes of limitation unless the time for bringing his actions has been extended. Therein lies the basis for Doyer=s curious allegation that his Alawsuit is filed in the nature of a compulsory counterclaim to the lawsuit filed by [PBI] in . . . the Small Claims Court.@

On a theory that his live petition in district court alleges counterclaims against both PBI and PBCC, Doyer contends the applicable limitation periods were extended by the provisions of the following statute:

> (a)  If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party=s answer is required.
>
> (b)  The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party=s answer is required.

**4**

Tex. Civ. Prac. & Rem. Code Ann. ' 16.069 (West 1997).

Whether this statute is applicable to Doyer=s claims against PBI and PBCC is the sole issue on appeal; and, as we understand the summary-judgment record, it was the sole issue before the trial court. It is, of course, a question of law determinable on the pleadings and undisputed facts.[3] Doyer contends on appeal the trial judge erred in refusing to apply section 16.069 to his claims against PBI and PBCC.

## DISCUSSION AND HOLDINGS

Doyer maintains the district court was the only court having jurisdiction to decide his supposed counterclaims because his damages far exceeded the $5,000 jurisdictional limit of the small-claims court; consequently, the legislature must have intended that section 16.069 should operate so as to authorize him to file his counterclaims in district court in an original and independent lawsuit. Moreover, he contends, nothing in section 16.069 requires that the counterclaim mentioned therein be brought in the same court and proceeding as the opposing party=s claim.

---

[3] The summary-judgment order specifically states it is based on the limitation bar and the court=s construction of section 16.069. A few days after signing the order, the trial judge sustained a motion for non-suit filed by PBI and PBCC and dismissed their claims against Doyer, making the order final and appealable.

For Doyer to prevail on appeal, his causes of action must come within the meaning of the word Acounterclaim@ as it is used in section 16.069. If they do not, his claims against PBI and PBCC for affirmative relief are barred by limitation.

In legal usage, the word Acounterclaim@ most frequently denotes a *defendant=s* claim against a *plaintiff* for affirmative relief that will, in some manner, defeat or qualify a judgment the plaintiff is otherwise entitled to recover. *See CDB Software, Inc. v. Kroll*, 992 S.W.2d 31, 36 (Tex. App.C Houston [1st Dist.] 1998, pet. denied); *Latham v. Allison*, 560 S.W.2d 481, 485 (Tex. Civ. App.C Fort Worth 1977, writ ref=d n.r.e.).

One observes, however, that the words Aplaintiff@ and Adefendant@ are not found in section 16.069. Instead, the statute authorizes Aa party@ to maintain a counterclaim in the circumstances described, even if the claim would otherwise be barred by limitation. This accords with the rules of civil procedure that authorize a plaintiff to bring a counterclaim by a supplemental petition filed Ain reply@ to a defendant=s action against the plaintiff seeking affirmative relief. *See* Tex. R. Civ. P. 51(a), 80, 81; 2 *McDonald, Texas Civil Practice* ' 9.69, at 431, ' 10.7, at 479 (Diane M. Allen et al. eds., 1992 ed.). The parties have not referred to this matter. It complicates nevertheless our consideration of whether section 16.069 applies in the present case, as mentioned below in connection with Doyer=s claim against PBCC.

The applicability of section 16.069 was authoritively determined by necessary implication in *Hobbs Trailers v. Arnett Grain Co.*, 560 S.W.2d 85, 88-89 (Tex. 1977). While that decision construed the statutory predecessor of section 16.069,[4] there are no material differences between the two statutes.

---

[4] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, sec. 1, ' 16.069, 1985 Tex. Gen. Laws

**6**

For clarity and convenience in our discussion of that opinion, we will therefore refer to section 16.069 as if it had been the statute construed by the supreme court.

In *Hobbs Trailers*, the original plaintiff sued on a cause of action barred by limitation. The trial court realigned the parties, making the original plaintiff the nominal defendant in the cause. Being thus cast as a defendant, he contended his original claim had become thereby a counterclaim for which section 16.069 extended the limitation period. The court disagreed. The statute does not, the court said, Aextend the limitation period when the claim was originally asserted as other than a counterclaim.@ *Hobbs Trailers*, 560 S.W.2d at 89. In support of this conclusion, the court gave two kinds of reasons that are instructive here.

The first class of reasons pertain to legislative intent. Section 16.069 was designed, the court stated, Ato prevent a plaintiff from waiting until an adversary=s valid claim arising from the same transaction was barred by limitation before asserting his own claim@; and, the statute was not intended Ato force an original defendant to choose between asserting a valid bar by limitation and asserting a valid counterclaim, for fear that upon interchange of the parties the original claim would become the ›counterclaim= and thus be saved by@ section 16.069. *Id.*, 560 S.W.2d at 88-89.

---

3242, 3258 (codification of Texas Civil Practice & Remedies Code); Act of May 8, 1969, 61st Leg. R.S., ch. 240, ' 1, 1961 Tex. Gen. Laws 701, 701 (enactment of article 5539c, Revised Civil Statutes, now ' 16.069).

The second class of reasons is textual, being based on the face of section 16.069. Subsection (a) of the statute restricts its application to counterclaims Aasserted as such.@ *Id.*, 560 S.W.2d at 88 (emphasis in original). In addition, subsection (b) of section 16.069 restricts application of the statute to cases where the counterclaim is one that Amust be filed not later than the 30th day after the date on which@ an answer is required of the party who invokes section 16.069 to save his claim from the limitation bar. Tex. Civ. Prac. & Rem. Code Ann. ' 16.069(b); *see Hobbs Trailers*, 560 S.W.2d at 89.

It is readily apparent that section 16.069 does not extend the limitation period for Doyer=s supposed counterclaim against PBI. It was asserted in district court as an original claim in a petition initiating an independent cause of actions against PBI; it was therefore not a counterclaim Aasserted as such@ in the words of *Hobbs Trailers*. And notwithstanding Doyer=s attempt to paint his claim as one equivalent to an actual counterclaim, the plain fact is that it was not a claim that was required to be filed on or before the thirtieth day after an answer was required of him. We might add that no statute, rule, or common-law doctrine we have discovered purports to authorize the prosecution of a counterclaim in a cause different from that initiated by the opposing party and in a court distinct from that chosen by such party.

It is immaterial that Doyer could not bring his supposed counterclaim in the small-claims court because it exceeded the $5,000 jurisdictional limit of that court. When a counterclaim is compulsory, as Doyer states his to be, the defendant is not at liberty to decline battle in the forum chosen by the plaintiff. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). Doyer does not contend that any other barrier prevented filing his claim, within the limitation period, in a court having jurisdiction.

Doyer=s claim against PBCC stands on a different footing. It is in our view an actual counterclaim, albeit not one within the saving provisions of section 16.069. Doyer did not originally sue PBCC in the present cause. He did so only *after* PBCC sued him for money damages by PBCC=s petition in intervention. While PBCC eventually took a non-suit on its claim against Doyer, that did not occur until after the trial judge signed the summary-judgment order. PBCC=s claim against Doyer was thus contained in a pleading Aon file at the time of the hearing,@ Tex. R. Civ. P. 166a(e), and could not be disregarded in determining PBCC=s motion for summary judgment.

Because Doyer filed his claim against PBCC after PBCC sued him, Doyer=s counterclaim against PBCC was a permissible Areply setting forth a counterclaim@ although filed by DoyerC the plaintiff in the cause. Tex. R. Civ. P. 51(a). The fact that Doyer did not assert his counterclaim in a distinct supplemental petition, as required by Rule 46, was simply a defect in pleading that PBCC waived by failing to point it out by special exception. Tex. R. Civ. P. 46; *see also* Tex. R. Civ. P. 80, 81, 90; 2 *McDonald, Texas Civil Practice*, *supra*.

Nevertheless, section 16.069 does not serve Doyer=s counterclaim against PBCC. That counterclaim was *not* one required to be filed, as subsection (b) of the statute demands, within thirty days of the date Doyer was obliged to file an answer in the cause. *See Hobbs Trailers*, 560 S.W.2d at 89. It appears to us that the *Hobbs Trailers*= reference to the thirty-day requirement pertains to the logical difficulty of applying that statutory requirement to a party, such as the nominal defendant in that case, who had appeared generally in the cause before he filed his putative counterclaim. *Id.*

**9**

After a party appears generally in a cause, there is no necessity for the issuance, service, and return of a citation to bring him within the court=s jurisdiction when an opposing party alleges a cause of action against him. *See Early v. Cornelius*, 39 S.W.2d 6, 8 (Tex. 1931); *Mallia v. Bousquet*, 813 S.W.2d 628, 630 (Tex. App.CHouston [1st Dist.] 1991, no writ). And without service and return of a citation, no requirement is imposed upon him to file a written answer in the cause by a date stated in the citation. *See* Tex. R. Civ. P. 99b, c. Thus, the thirty-day time limit imposed by section 16.609(b) is devoid of meaning in such a case; in the absence of service and return of a citation, the thirty-day time period has no commencement date.

Like the nominal defendant in *Hobbs Trailers*, Doyer appeared generally in the cause before he filed his counterclaim against PBCC.[5] Consequently, section 16.069 may not be applied to save the counterclaim. *Hobbs Trailers*, 560 S.W.2d at 89.

We hold accordingly and affirm the trial-court judgment.

John E. Powers, Justice

Before Justices Yeakel, Patterson and Powers[*]

Affirmed

---

[5] The record reflects that PBCC served Doyer with *notice* of it claim against him in accordance with the rules of civil procedure. *See* Tex. R. Civ. P. 21, 21a.

Filed:   June 13, 2002

Publish

\*   Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment.  *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).