## DILBECK v. NORWOOD et ux.
### No. 1992.

Court of Civil Appeals of Texas. Eastland.
March 15, 1940.

W. A. Hawkins, of Fort Worth, for plaintiff in error.

Gib Callaway, of Brownwood, for defendants in error.

LESLIE, Chief Justice.

J. H. Dilbeck filed suit in trespass to try title and for damages against T. A. Norwood and wife, Z. A. Norwood, to recover the title and possession of a part of Block No. 113, Barnes Addition to the town of Comanche. Ouster was alleged as of January 1, 1933. October 11, 1933, the defendants, T. A. Norwood and wife, filed their original answer consisting of a general demurrer, plea of not guilty, and also filed in connection therewith a cross-action in said cause against the plaintiff for title and possession of the same land. The defendants further alleged they lived on the land in question; that on or about January 11, 1932, they deeded same to the plaintiff, and that the deed had failed for want of consideration and because of want of sufficiency of notary's acknowledgment.

November 21, 1938, a judgment was rendered in said cause divesting plaintiff of title to said land and vesting title thereto in defendants. The plaintiff brings this judgment by writ of error before this court for review.

Parties will be referred to as in the trial court.

In substance, the plaintiff Dilbeck contends that the court was without jurisdiction to render the judgment. The defendants agree that the statement of the cause of action by the plaintiff is in substance correct, but in their brief they add the following:

"In addition to the said statement, we make the further statement that, *as shown by the docket of the district court,* after the plaintiff's original petition was filed on August 18, 1933, and defendants' original answer and cross-action asking for affirmative relief was filed on October 11, 1933, about one year thereafter and on October 16, 1934, and after the defendants' answer and cross-action had been on file for more than a year, the court specially set the case for trial on October 22, 1934. In this connection it may be stated that October 16, 1934, the date of said notation on the trial court's docket, was appearance day in said court, that being a matter of law, we believe, of which the court will take judicial notice.

"Evidently the case was not tried on October 22, 1934, the date for which it was specially set, because the following year, June 25, 1935, we find from the *notation on the trial docket* that the cause was 'continued by agreement.' About two years later on July 8, 1937, we again find a notation on the court's docket 'continued by agreement.'

"The attorney who filed the suit originally, and being the only attorney representing the plaintiff in the court below, whoever appeared in the cause at any time, was Tom F. Reece, who resided at Comanche, Texas, and the fact of his residence and being a member of said Bar was also, of course, known to the judge of the trial court, and a matter of which the court

could take judicial knowledge." (Italics ours.)

The judgment of the trial court as entered makes the following recitations: "On this the 18th day of November, 1938, came on to be heard the above styled and numbered cause and the defendants T. A. Norwood and wife Z. A. Norwood, appeared in person and by their attorney and announced ready for trial, on their cross-action, but the *plaintiff J. H. Dilbeck, though* having duly filed his suit herein and the same having been continued for many terms of court, *came not and made no appearance herein* and the defendants insisting upon trial upon their said cross-action, and no jury having been demanded, the matters of law as well as of fact were submitted to the court, and the court after hearing the pleadings read, the evidence and the argument of counsel is of the opinion that the material allegations of the defendants' answer are true." (Italics ours)

■ The defendants' contention in support of the judgment is predicated upon the proposition that the plaintiff, as to the cross-action against him, had entered an *appearance* in the court, thereby conferring jurisdiction upon the court to render a judgment. To establish such contention the defendants rely upon docket entries or notations to evidence such appearance. By motion for certiorari these docket entries were sought to be brought to this court as part of the transcript. This court, in passing upon the motion which sought to supplement the transcript with such docket entries, overruled the same. Under this ruling they are not before this court for any purpose, nor do we think they would be of any intrinsic value had the transcript been so supplemented.

In different opinions this court has had occasion to pass upon the effect of such docket notations and also to determine whether or not they have any place in the regular transcript upon appeal. We held in Smith v. Watson, 44 S.W.2d 815, that the trial judge's notations on the appearance docket constituted no part of the transcript on appeal and that judgments and orders pertaining thereto must be incorporated in the trial court's minutes and as such brought up in the transcript to be reviewable or furnish the basis of review. In these conclusions we were but following another opinion of this court by Chief Justice Hickman in Burleson v. Moffett, 3 S.W.2d 544. We there held: "The only question before us for decision is whether the above notation had the effect of setting aside the judgment of February 21st, sustaining the pleas of privilege. Our conclusion is that it did not. The entries made by a trial judge on his docket form no part of the record. They have no proper place in the transcript, and cannot be considered by us." Citing many authorities from the Supreme Court and other appellate courts.

With this record or transcript in the status indicated, we now test the validity of the judgment against Dilbeck in the light of the contention that he did not appear in response to the cross-action.

Article 2278, R.S.1925, provides that: "When an appeal or writ of error has been perfected, the clerk of the court shall, upon the application of either party, make out, and deliver to him a transcript of the record of the cause, which shall, except in the cases hereinafter provided, contain a full and correct copy of all the proceedings had in the cause. If the pleadings or the judgment show an appearance of the defendant, in person or by attorney, the citation and returns shall not be copied into the transcript."

The transcript of the record in the instant case contains no citation based on the cross-action. The record contains no agreement by the parties to omit citation and its return from the transcript. There is no pleading or answer by the plaintiff Dilbeck (defendant in cross-action) showing any appearance in response thereto. The transcript shows no waiver of the issuance of citation.

When we refer to the judgment (excerpts above set out) we find the court reciting "that the plaintiff J. H. Dilbeck, though having duly filed his suit herein and the same having been continued for many terms of court, *came not and made no appearance* * * *"—whereupon trial was had upon "insistence" of Norwoods, etc. Obviously the case before us is not one where either "the pleadings or judgment show an appearance of the defendant (in cross-action) in person or by attorney." On that point the judgment itself is clear and to the contrary.

■ Under the facts and circumstances presented by this record we are of the opinion that it fails affirmatively to reflect any jurisdiction of the person of J. H. Dilbeck warranting the court in rendering a

judgment by default against him on the cross-action. That being the case, it is mandatory upon this court to reverse the judgment of the trial court and remand the cause for a new trial. This we do upon the authority of Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6, writ refused, and the many authorities therein cited. Special attention is directed to the following authorities: Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172; McGowan v. Lowry, Tex.Civ. App., 230 S.W. 465; Peterson & Tvrdik v. Mueller-Huber Grain Co., Tex.Civ.App., 58 S.W.2d 890; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, writ refused.

The defendants Norwoods (plaintiffs in cross-action) rely upon the opinion in McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649, to sustain the judgment under attack. That case is distinguishable from this one and, therefore, not controlling. In that case the plaintiff, after the filing of the answer and cross-action against him, consented in open court to one continuance, and thereafter made an application himself for another continuance, all of which was held to constitute an appearance as to the cross-action, giving the court jurisdiction to render a judgment therein. The minutes of the court disclose such entry of appearance as to the cross-action and no reliance was made merely upon docket notations. We so interpret the record.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.