**WOOLAM v. CENTRAL POWER & LIGHT CO.**

No. 11822.

Court of Civil Appeals of Texas.
San Antonio.
April 28, 1948.

Ronald Smallwood, of Harlingen, for appellant.

J. M. Wilson, of Corpus Christi, for appellee.

MURRAY, Justice.

This is a condemnation proceeding brought by the Central Power & Light Company, a corporation, seeking to acquire a right-of-way for the erection and maintenance of electric transmission lines across the land of the defendant, W. J. Woolam. At a jury trial in the County Court at Law of Cameron County, judgment was rendered awarding the defendant damages in the sum of $184, from which judgment W. J. Woolam has prosecuted this appeal.

Appellant first assigns as error the sustaining of a challenge for cause of the prospective juror Homer E. Williams. Williams testified, in effect, he would be inclined to favor the property owner because he would be dealing under compulsion, and that he would give the property owner the benefit of the doubt. The prospective juror also testified that he would not give Mr. Woolam the benefit of the doubt and that if chosen as a juror he would render a just, fair and impartial verdict. In the face of these conflicting statements the trial judge did not abuse his judicial discretion by sustaining the challenge for cause directed to this prospective juror. Preston v. Ohio Oil Co., Tex.Civ.App., 121 S.W.2d 1039; Texas Rules of Civil Procedure, rule 228.

Even if the challenge had been improperly sustained no reversible error would be presented unless appellant could show that as a result of the sustaining of this challenge he was denied a trial by a fair and impartial jury. This he has not done. McIntosh v. Atchinson, T. & S. F. R. Co., Tex.Civ.App., 192 S.W. 285; Harrison v. Missouri K. & T. R. Co., Tex.Civ.App., 89 S.W.2d 455; Bennett v. Jackson, Tex. Civ.App., 172 S.W.2d 395.

Appellant next contends that the admission of certain pictures in evidence was reversible error. The pictures were of other farms having electric transmission poles and lines on them. These pictures appear in the statement of facts as Exhibits 6, 7 and 8. Exhibit 6 is a picture of a farm near Harlingen, depicting how the land could be cultivated around an H-frame structure of the type involved in this suit, using one-row equipment and running the rows parallel to the transmission line. Exhibit 7 is a picture of a farm of H. M. Groggins north of Harlingen, and depicts how the land could be cultivated around an H-frame structure of the type here involved, when the lines are run perpendicular to the transmission line. Exhibit 8 is a picture of the farm of J. H. Ross, near Harlingen, and shows how the land could be cultivated around H-frame structures of the type involved, when the rows run at an angle of about 45° to the course followed by the electric transmission line. Appellant's farm lies near San Benito and appellant uses a two-row or larger equipment. Nevertheless, we think the evidence was admissible as showing the effect of the H-frames and the transmission lines upon the market value of the land. Appellant had testified to the difficulty of cultivating around the H-frames and the difficulty of keeping the ground around the poles cleaned. Wise v. City of Abilene, Tex.Civ.App., 141 S.W.2d 400.

Appellant next complains because the witness O'Hara was permitted to testify that from his experience the presence of an electric transmission line on land would not affect the market value thereof. O'Hara had engaged in the real estate business for about four years and had sold land within fifteen miles of appellant's land. He had paid frequent visits to San Benito and knew that farming operations there were similar to those around Harlingen, where he had most of his dealings. Whether or not he was qualified to give the testimony was a matter addressed to the discretion of the trial court, and in the absence of a showing of an abuse of such discretion his action in regard thereto will not be disturbed on appeal. Naegelin v. State, Tex.Civ.App., 153 S.W.2d 269.

The argument of appellee's counsel to the jury was in keeping with the testimony and does not present any error. Likewise, the remarks of the court in ruling on the objection was in keeping with the evidence given and was not improper. This is deducible from the judge's qualification to appellant's bill of exception No. 2. Appellant contends that the trial judge was without authority to qualify his bill of exception without his consent. The only bill of exception before us presenting this matter is the one qualified by the judge. If appellant was not satisfied with the bill as qualified, he had the right to have secured a by-stander's bill of exception, which he did not see fit to do. If we pass on this matter at all we must do so in the light of the only bill before us, and we must give effect to the qualification placed thereon by the trial judge.

Appellee's witnesses Joe Penry, Stanley Crockett and C. E. Hudson testified, as did the witness O'Hara, that in their experience the presence of poles and an electric transmission line upon land would not affect its market value. They were experienced real estate salesmen and were qualified to give this testimony. Appellant contends because they had never sold land before and again after poles and an electric transmission line had been placed thereon they were not qualified to give this opinion evidence. We overrule this contention. They could have sufficient experience to support such an opinion without actually having sold the same piece of land before and after the poles and lines had been placed thereon.

Appellant contends that the verdict of the jury assessing his damages at the sum of $184 is against the great and overwhelming preponderance of the evidence. We overrule this contention. The evidence was sufficient to support the verdict of the jury.

The judgment is affirmed.