**T. E. McBROOM et al., Appellants,**

v.

**Ella Segura BROWN et al., Appellees.**

**No. 5013.**

Court of Civil Appeals of Texas.

Beaumont.

March 24, 1955.

Rehearing Denied April 13, 1955.

Adams, Browne & Sample, Beaumont, Bates & Cartwright, Houston, for appellants.

Keith, Mehaffy & McNicholas, Orgain, Bell & Tucker, Beaumont, for appellees.

PER CURIAM.

Appellants, T. E. McBroom, et al., brought suit against appellees Ella Segura Brown, et al., to recover damages for personal injuries received in a three-way automobile-truck collision. Trial was to a jury and the verdict and judgment were adverse to the appellants. Appellants' motion for new trial was overruled, after a hearing thereon, and appellants have duly perfected their appeal.

Appellants present their appeal on one point of error, which reads as follows:

"The error of the court in overruling appellants' statutory challenge for cause

against the venireman J. E. Ickles, Sr., resulting in appellants being forced to use one of their six peremptory challenges to strike Ickles and thereby being required to accept the juror A. J. Dionne, who was objectionable to appellants and who would have been struck by appellants if the error of the court had not deprived appellants of one of their statutory peremptory challenges."

On the hearing on the motion for new trial, the following was adduced as a record of what transpired at the beginning of the trial, when counsel for all parties were questioning prospective jurors on their voir dire examination:

"*Questions by Mr. Ernest Browne:*

"Q. Mr. J. E. Ickles, Sr. A. Yes, here.

"Q. Where do you live? A. 1402 Church Street.

"Q. That's here in Beaumont? A. Yes, sir.

"Q. What sort of business are you engaged in Mr. Ickles? A. I work for Gulf States Utilities.

"Q. In what capacity are you employed there? A. Truck driver.

"Q. What kind of truck do you drive, Mr. Ickles? A. A line truck.

"Q. A line truck? A. Yes, sir.

"Q. What tonnage truck is that you drive? A. Two and a half tons.

"Q. How long have you been with Gulf States Utilities, Mr. Ickles? A. Eighteen years.

"Q. And what sort of business were you engaged in before that time? A. Well, I had worked at the Beaumont Enterprise and Journal for five years and the rest of time I spent it at pipefitting.

"Q. You heard the questions asked by Mr. Miller with reference to truck driving and I believe a truck is involved here in this suit, how do you feel about that? Due to the fact that you drive a truck now or due to any other experience you may have had driving a truck do you feel that you could not render a fair and impartial verdict in this case? A. I don't believe I could.

"Q. We appreciate you telling us how you feel about that, of course we don't want to pry into your personal feelings.

*By Mr. Miller:*

Mr. Ickles don't say anything further, you might cause the whole panel to be discharged.

*By Mr. Browne:*

We think he should be excused, Your Honor, we challenge him for cause.

*By Mr. Mehaffy:*

"Q. Mr. Ickles, if you should be selected as a juror in this case the Court is going to instruct you that you be guided solely by the evidence in this case, that is, the evidence that you will hear from the witness stand in this particular case, do you feel you could follow that instruction? A. I think I probably could go according to the evidence.

"Q. You don't know anything at all about this particular case, do you? A. No, I sure don't.

"Q. As indicated there are going to be different versions as to how the accident happened, else we would not be here trying this case, there will be several different theories as to how the accident happened, some claiming it was one person's fault, do you feel that you could make up your mind as to whose fault it was solely on the basis of the evidence? A. I am pretty sure I could.

"Q. You would not be prejudiced to the extent that you would disregard the evidence? A. No.

312

Mr. Mehaffy: Thank you very much. Your Honor, I believe he is qualified to serve.

*By Mr. Browne:*

"Q. Mr. Ickles, I asked you a moment ago whether you could render a fair and impartial verdict and you said you didn't think you could. A. I think I could render a fair and impartial verdict according to the evidence and the instructions of the court.

"Q. As I said before I don't want to pry into your personal feelings—A. No personal feelings.

"Q. And whatever your personal feelings may be you said a moment ago that you could not render a fair and impartial verdict? A. I stated the fact that I was a truck driver so you would know, a truck-driver usually is in contact with that kind of stuff every day.

*By Mr. Miller:*

"Q. And for that reason you feel that you can not render a fair and impartial verdict because you have been a truck driver? A. Yes.

*By Mr. Tucker:*

I believe he said he could listen to the evidence and decide the case on that.

*By Mr. Browne:*

"Q. You have no interest in this case, you have no desire to project yourself into it at all, you are just being honest about your feelings? A. I am just being honest.

"Q. We appreciate your being frank about it.

*By the Court:*

"Q. Is there anything because of your profession as a truck driver or because of the nature of the accident outlined to you that might cause you to lean one way or the other and disregard the evidence? A. I would not disregard the evidence pertaining to the case.

"Q. Is there anything in your own mind not inquired about that might keep you from being a fair and impartial juror in this case? A. No, Judge, I don't believe so.

*The Court:*

"The Court will not excuse him under that answer."

Appellant says the juror Ickles was, under his answers to the questions asked him, disqualified as a matter of law, under Art. 2134, Revised Civil Statutes, which provides:

"The following persons shall be disqualified to serve as jurors in any particular case:

\* \* \* \* \* \*

"4. Any person who has a bias or prejudice in favor of or against either of the parties."

The appellants say that because the trial court overruled their challenge for cause of the juror Ickles, they were forced to accept the juror Dionne, who was objectionable to them, because they exercised a peremptory challenge on Ickles and if they had not thus been compelled to do so, they would have exercised a peremptory challenge on Dionne.

They further argue that under the case of Kansas City Life Ins. Co. v. Elmore, Tex.Civ.App., 226 S.W. 709, when Ickles once stated that he could not render a fair and impartial verdict as a juror, he was disqualified as a matter of law, that no matter what else he said about the matter, the court had no discretion in the matter and should have excused him on the challenge.

The trial court, in its order overruling the motion for new trial, made the following finding of fact, " \* \* \* and it appearing to the court, and the court finding, that when the motion to challenge the prospective juror Ickles for cause was made, a fact issue was presented as to

whether or not said juror was biased or prejudiced in favor of or against one of the parties to this suit, and the court at that time resolving said question of fact, and being of the opinion and finding as a matter of fact, both from the testimony given by said juror as well as from his appearance that said juror was not in fact biased or prejudicated in favor of or against one of the parties to this suit, and it further appearing to the court, and the court now finding that the juror Ickles was not biased or prejudiced in favor of or against one of the parties to this suit, and was not disqualified to serve as a juror."

■ We conclude that a question of fact was presented to the trial court by the conflicting answers of Ickles, and that the trial court's finding that in fact Ickles was not biased in favor of or against one of the

parties to the suit is binding upon the reviewing court. See Allmon v. Texas Electric Service Co., Tex.Civ.App., 242 S.W.2d 806; Cagle v. McQueen, 5 Cir., 200 F.2d 186; Woolam v. Central Power and Light Co., Tex.Civ.App., 211 S.W.2d 792; Allbright v. Smith, Tex.Com.App., 5 S.W.2d 970.

■ The evidence sustains the trial court's finding. Ickles did not know any of the parties to the suit. He knew nothing of the facts of the case. He frankly stated that he was a truck driver himself, so the attorneys would know of that fact. He testified to no fact that would tend to show he was biased or prejudiced in favor of or against any party to the suit.

Appellants' point presents no error and it is overruled. The judgment is affirmed.