Malcolm STEIN, Appellant,

v.

Clovis BOEHME, Appellee.

No. 3305.

Court of Civil Appeals of Texas.

Eastland.

May 10, 1957.

———◇———

Park Street, Hugh J. Fitz-Gerald, Walter Powell Gray, San Antonio, for appellant.

Hugh H. Meyer, Hondo, for appellee.

COLLINGS, Justice.

Clovis Boehme brought this suit against Malcolm Stein to recover damages sustained to his automobile by reason of a collision at a street intersection alleged to have been proximately caused by negligence on the part of the defendant in the operation of another automobile. A jury found Stein guilty of several acts of neg-

ligence proximately causing the collision and damage to plaintiff's automobile. Based upon these findings and further findings that Boehme was not guilty of negligence in the operation of his automobile, judgment was entered for plaintiff in the sum of $263.27, the amount of damages found by the jury. Malcolm Stein has appealed.

■ The jury found in answer to special issue number 11 that appellee Boehme immediately prior to the collision did not fail to "timely apply his brakes" and in answer to special issue number 18 that appellee did not fail to "keep a proper lookout". Appellant contends that these findings "wholly disregarded" and were "wholly contrary" to the evidence, particularly in view of appellee's own testimony to the effect that he did not see appellant's car until he entered the intersection. In this connection appellee Boehme testified in substance that immediately prior to the collision he was operating his automobile at a rate of speed of about twenty or twenty-five miles per hour as he entered the intersection where the collision occurred; that after he had entered the intersection he saw appellant Stein approaching in his car from appellee's left; that appellant's car was not in the intersection at the time, but was coming directly toward appellee. Appellee stated that he blew his horn and stepped on the gas in an effort to get out of the way but was unable to do so; that Stein who was not looking toward appellee but in another direction drove his automobile into and collided with the back portion of appellee's car. We overrule appellant's points urging that answers to special issues numbers 11 and 18 are contrary to the evidence.

■ Appellant contends in his first point that the court erred in not sustaining his motion for a new trial on the ground that a witness for appellee Boehme in answer to questioning by appellee's attorney injected liability insurance into the case. Answers of the witness to questions propounded by appellee's attorney, which are material to a determination of this point were as follows:

"A. I received a call to pick up a wrecked car in Castroville.

"Q. And did you pick up that car there? A. Yes, sir.

"Q. What did you do with that car? A. I brought it in to our shop and we made an estimate on body repairs and two adjusters came out—

Appellee's Attorney: Excuse me, that is not responsive to the question—"

Immediately after this testimony the jury was excused and appellant through his attorney presented a motion for mistrial. He contended that the answer of the witness concerning "two adjusters" injected insurance into the case; that the matter was clearly before the jury and that to continue the trial under such circumstances would result in serious and irreparable harm to him. Appellant insisted that the court grant his motion for a mistrial, and requested the court in any event, however, not to instruct or admonish the jury to disregard the objectionable statement of the witness because such an instruction would tend to emphasize same and increase or magnify the harmful effect. In our opinion the court did not err in refusing to grant appellant's motion for a mistrial.

As a general rule it is reversible error to inform a jury that the defendant in a damage suit is protected by indemnity insurance. Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759. The rule, however, has no application in this case. The statement of the witness that "two adjusters came out" does not identify the employer of the adjusters. There was no indication that they represented an insurance company carrying an indemnity insurance coverage for appellant. Insofar as the record shows they might have represented the insurer, if any, of appellee, Boehme, in which case

there would certainly be no injury to appellant Stein. In addition the questions and answers as above set out clearly show that the statement of the witness concerning adjusters was inadvertently made and not responsive to any question of appellee's attorney. The statement of the witness concerning adjusters which did not indicate that the adjusters represented an insurance company carrying indemnity insurance for appellant and which was inadvertently made by the witness, not responsive to any question by appellee's attorney, who was without fault in the matter, does not in our opinion show reversible error. This point is overruled. Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938.

 Appellant's second point complains that the court erred in overruling his motion for a new trial because at the close of argument a juror inquired whether or not liability insurance was carried by either or both parties. It is questionable whether the point is properly before this court for consideration. Jury misconduct must be presented by bills of exception or other authentic means. 3-A Tex.Jur. 643. There is no record of the matter complained of by bill of exception. Appellant did urge the matter in his motion for a new trial, but the order overruling such motion is in general terms and makes no fact finding that the alleged jury misconduct actually occurred. There is no record of such misconduct in the statement of facts. Appellant seeks to show the jury misconduct by a copy of the docket sheet appearing in the transcript bearing notations to the effect that at the close of the argument a juror inquired whether liability insurance was carried by one or both of the parties, that the court instructed the jury that the question did not enter into the case and overruled a request and motion by the defendant's attorney to declare a mistrial. It is held that notations of a trial judge on his docket constitute no part of the transcript on appeal and cannot be properly considered as a part thereof.

Dilbeck v. Norwood, Tex.Civ.App., 139 S.W.2d 121; Ezell v. Knapp & Elliott, Tex.Civ.App., 40 S.W.2d 1110; Smith v. Watson, Tex.Civ.App., 44 S.W.2d 815, and cases cited therein. Even if the point were properly before this court there would be no reversible error. A mere mention or inquiry by a juror concerning insurance followed immediately by a rebuke and instruction not to consider same does not require reversal of a judgment based upon the jury verdict. Putnam v. Lazarus, Tex., 293 S.W.2d 493.

The judgment of the trial court is affirmed.