Dennis K. BASHRUM, by Next Friend,
J. A. Bashrum, Appellant,

v.

R. B. VINSON et al., Appellees.

No. 13488.

Court of Civil Appeals of Texas.

Houston.

Dec. 3, 1959.

Rehearing Denied Dec. 23, 1959.

Roland A. Baker; Leonard Z. Finger, Houston, for appellant.

Butler, Binion, Rice & Cook, Wm. N. Blanton, Jr., James E. Crowther, Houston, for appellees.

WERLEIN, Justice.

■■ This suit was brought by appellant to recover damages resulting from personal injuries sustained by him in a collision. From the judgment of the court, based on the jury verdict favorable to appellees, appellant appeals. In his one Point of Error, appellant asserts that the court erred in overruling his challenge for cause of the prospective juror, T. W. Saunders, and in finding as a fact that Saunders was not biased against appellant, because such prospective juror by his express declaration was biased against plaintiffs in personal injury cases, and the court's finding was contrary to the evidence and the preponderance thereof, and further that the court's refusal to sustain appellant's challenge required him to use a peremptory challenge and thus prevented him from peremptorily challenging another objectionable juror.

The only record filed in this Court consists of the transcript certified by the District Clerk and, under separate cover, what purports to be a transcript of the voir dire examination of T. W. Saunders and the testimony of Roland A. Baker, one of appellant's counsel, on hearing of appellant's motion for new trial, certified by the official Court Reporter. We do not think such voir dire transcript can be construed as even a partial statement of facts under Rule 377, Texas Rules of Civil Procedure.

Appellant has not preserved in a written bill of exception the error complained of. The agreement of counsel contained in such voir dire transcript that the examination of Saunders and the testimony of Baker is a full, true and correct transcript of their testimony before the court, is not tantamount to an agreement that the error complained of may be brought forward for review by any other method than a bill of exception.

Appellees have moved this Court to strike and not consider said voir dire transcript. We agree with appellees that appellant has failed to bring forward the alleged improper action of the trial court in such manner that it may be considered by this Court. Bolstad v. Egleson, Tex.Civ.App., Houston, 1959, 326 S.W.2d 506; Stein v. Boehme, Tex.Civ.App., Eastland, 1957, 302 S.W.2d 663; City of Houston v. Huber, Tex.Civ.App., Houston, 1958, 311 S.W.2d 488; Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139.

540

Our Supreme Court, in Pritchett **v.** Highway Insurance Underwriters, 309 S. W.2d 46, 50, stated: "Only when the complaining party has presented the matter in a bill of exceptions is the opportunity afforded to his adversary and to the court for the addition of an appropriate qualification that might render harmless argument that otherwise would be improper or prejudicial." We think the same reasoning is applicable to the matter complained of in this case. It is apparent from the voir dire transcript and from the statement of appellees' counsel contained therein that such transcript does not contain a complete record of what transpired on the voir dire examination of the jury generally. Had the alleged improper action been brought forward properly in a bill of exception, it is quite probable that there would have been added thereto some appropriate qualification that might serve as an important factor in deciding whether the court erred.

Although we think appellant's failure to bring forward in proper manner the error complained of, is determinative of this suit, we shall briefly refer to appellant's contention that Saunders was biased and disqualified as a matter of law.

Saunders testified that he was a machinists supervisor for Reed Roller Bit Company and had a group of men working under him, and that the work he was doing stopped when he came to the Courthouse. He further testified that he had a lot of experience being sued; that he did not know whether he could set aside his experiences in another trial and decide this case on the basis of the evidence; that he had been in so many suits; that "we would have men working for us and they would work a few days and sue us; and it's pretty bad"; that it would be doubtful if he could listen to the evidence and decide the case on the basis thereof. In answer to leading questions of appellant's counsel, he stated that plaintiff would have to prove by 'ear and convincing proof that he was en-

titled to recover, and that it would be pretty hard to say whether he would lean more to one side than the other because he had seen lots of cases. He also testified that he had never been a plaintiff or defendant in a suit but was once a witness in a case, and that he believed he could try to comply with his oath as a juror and decide the case on the basis of the evidence. To questions by the court, after the court explained to him the law with respect to the preponderance of the evidence in civil cases, he testified he believed he could listen to the evidence and testimony of the witnesses and abide by the instructions of the court as to the law and give both sides a fair trial based on those two things.

It is apparent that Saunders' testimony is contradictory in several particulars. At no time did he say that he was biased or prejudiced, although his testimony taken as a whole raises a fact issue as to whether he was or was not. We think it apparent that he would have been biased or prejudiced in a case brought against his employer. The present suit, however, did not involve his employer in any way.

When prejudice or bias has been established, the juror is disqualified under Article 2134, Vernon's Ann.Tex.Civ.St., although he may testify that such bias or prejudice would not affect him in his decision. Kansas City Life Ins. Co. v. Elmore, Tex.Civ.App.1920, 226 S.W. 709; Lumbermen's Ins. Corp. v. Goodman, Tex. Civ.App., 304 S.W.2d 139, ref., n. r. e.

Bias or prejudice must be established, however, and when there are manifest contradictions in the testimony, a fact issue is raised as to whether such bias or prejudice exists. We cannot say that the trial court abused his discretion or erred in impliedly finding by overruling appellant's motion for new trial, that there was no bias or prejudice on the part of Saunders. Nor can we say that the court's ruling was against the great weight and preponderance of the evidence. The court had the opportunity to see, hear and size up the juror

and was in a much better position than we to determine whether there was bias or prejudice. McBroom v. Brown, Tex.Civ. App., 277 S.W.2d 310, ref., n. r. e.; Washington v. Austin National Bank, Tex.Civ. App., 207 S.W. 382, error ref.

Furthermore, the court may have been aware of other questions and answers on the voir dire examination generally which might have had an important bearing on the court's ruling. Since there is no written bill of exception, as hereinabove stated, the trial court had no opportunity to add some possible controlling or important qualification. This Court may only surmise as to such fact in the absence of a bill of exception, and must necessarily conclude that a fact issue was presented for the trial court's decision. Under these circumstances, the court's implied finding that Saunders was not biased in favor of either party or prejudiced against plaintiffs generally is binding upon this Court. Allmon v. Texas Electric Service Co., Tex.Civ. App., 242 S.W.2d 806, ref., n. r. e.; Cagle v. McQueen, 5 Cir., 200 F.2d 186; Woolam v. Central Power & Light Co., Tex.Civ. App., 211 S.W.2d 792; Allbright v. Smith, Tex.Com.App., 5 S.W.2d 970.

We think there is yet another reason why appellant cannot prevail herein. He has failed to show that the alleged improper action of the court resulted in harm. The law is well settled that in order to determine whether under Rule 434, T.R.C.P., the alleged error was calculated to cause and probably did cause the rendition of an improper judgment, the reviewing court must look to the whole record. Since there is no statement of facts on the merits in this case, we cannot say that the alleged improper action of the court, if such there was, caused the rendition of an improper judgment. The facts may have been so overwhelmingly in favor of appellees that any judgment against them could not possibly stand. Retail Credit Co. v. Hyman, Tex.Civ.App., 316 S.W.2d 769, writ ref. See also Walker v. Texas Employers' Ins. Ass'n, 1956, 155 Tex. 617, 291 S.W.2d 298; Baker v. Rutherford, Tex. Civ.App., 293 S.W.2d 669, ref., n. r. e.

This case is distinguishable from Heflin v. Wilson, Tex.Civ.App., 297 S.W.2d 864, writ ref., relied on by appellant. In that case the statute providing for the selection of jurors by jury commission rather than the jury wheel method was held unconstitutional and void. Hence, there was no law authorizing the action of the trial court. The approval of the judgment would have been tantamount to denying the appellant a constitutional right. We think the present case is governed by Rule 434, since the error of the court, if any, was merely error in the application of the law.

For the reasons stated, the judgment is affirmed.