**WACO TRANSIT CORPORATION et al.,**
Appellants,

v.

Doris E. RESVANIS et al., Appellees.

No. 4085.

Court of Civil Appeals of Texas.

Waco.

Jan. 17, 1963.

Rehearing Denied Feb. 7, 1963.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellants.

Dunnam & Dunnam, Waco, for appellees.

WILSON, Justice.

Appellees recovered judgment for damages resulting from an intersectional collision. The automobile in which they were riding approached and entered the uncontrolled intersection from the right of appellants' bus, with which it collided.

■ It is urged the court erred in refusing to submit appellants' requested issues concerning plaintiffs' pleaded failure to yield the right-of-way. If it may be said the request was in proper form, under Rule 279, Texas Rules of Civil Procedure, a careful examination of the record considered most favorably to appellants establishes there was no evidence to raise appellants' claim to right-of-way. It is conceded the point of impact was 22 feet equidistant from both entrances to the intersection. Each street was 38 feet wide. Plaintiffs pleaded their vehicle entered at a speed of 20 to 25 miles per hour. Plaintiff driver testified she approached at this speed, but just before entering slowed to 10 or 15 miles per hour, and saw the bus to her left when she "got to the middle of the intersection", after which her car traveled three feet to the point of collision. When she saw the bus she "speeded up."

Appellant's bus left skid marks beginning two feet from the intersection extending an additional 22 feet to the impact point, where the marks "straddled" the center line of the street. The bus driver testified he was driving 20 miles per hour, and first saw plaintiffs' car when he was 40 feet from the intersection, at which time the plaintiffs' vehicle was "about 10 or 12 feet, or maybe 15 feet, back from the intersection". When he was about 30 feet from the intersection he applied his brakes. The bus was traveling "uphill", and decelerated when the driver's foot was removed from the accelerator. He testified that plaintiffs' car "came on out into the intersection" and "as soon as I saw they wasn't going to stop I stepped on the brakes to stop". He thereafter turned to his left. "The right front of the bus struck the car just in front of the hind wheel." Photographs in evidence and physical conditions at the scene do not alter the factual situation described. There is no evidence or favorable circumstance from which it can reasonably be inferred that the bus entered the intersection first.

■■ Appellant, "in order to claim the right-of-way, was required to show under his pleading that he was first in the intersection, since the other vehicle was in fact to his right", because, under Art. 6701d, Sec. 71, Vernon's Ann.Tex.Civ.St., and the facts in this case, "The burden was upon each of the parties to prove their claim to the right-of-way, and until this was done no subsidiary issues could be submitted." Pressler v. Moody, Tex.Civ.App., 233 S.W.2d 165, 166; Knight v. Stewart, Tex.Civ.App., 282 S.W.2d 307, 310, and see Dallas Ry. & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863, 869, affd., id., 147 Tex. 383, 215 S.W.2d 862.

■ Reversal is sought because the court overruled appellants' motion to declare a mistrial after plaintiffs' counsel asked a police officer whether, after investigating the accident, the officer told the driver he had found that the driver "failed to yield the right-of-way". The court promptly sustained appellants' objection to the question, and instructed the jury not to consider it. The asking of this question, in our opinion, was probably improper under Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277, 281; although appellees plausibly insist the fact the driver

made no response to the officer's statement, as reflected by the bill of exception, authorized the inquiry. Our problem is whether, on review of the whole record, the inquiry was reasonably calculated to cause and probably did cause rendition of an improper judgment. The testimony of four witnesses related to the right-of-way issue. Findings of additional acts of negligence on the part of appellants proximately causing the collision, to which the question asked did not relate, are otherwise sufficient to sustain the judgment. Another police officer who investigated the occurrence at the same time testified in much more detail concerning the physical facts. If it be assumed the jury inferred from the question complained of that the officer was of the opinion the bus driver failed to yield the right-of-way, the uncontroverted evidence establishes he did not yield it, if he, in fact, had a duty to do so. The question did not necessarily imply an opinion on the latter question; and as has been pointed out, there is no evidence that he entered the intersection first. In Condra Funeral Home v. Rollin, as here, the jury answered liability issues favorable to the party whose counsel asked the question, and the question, as here, concerned the adverse driver.

■ Error is assigned to failure to submit damages sustained by the driver. We find no evidence raising the issue.

We have carefully examined each of appellants' points, and in our opinion they do not require reversal.

Affirmed.