**ADAMS LEASING COMPANY, Inc. d/b/a Lone Star Cab Co., Inc., et al., Appellants,**

v.

**James KNIGHTON, Appellee.**

**No. 354.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 10, 1970.

J. R. Smith, Martin & Knox, Houston, for appellants.

Robert E. Ballard, W. James Kronzer, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit for personal injuries incurred by James Knighton in an automobile collision. Knighton instituted the action against the defendant owner, Adams Leasing Co., Inc., d/b/a Lone Star Cab Co., Inc. and the defendant driver, Freddie Duval. It was stipulated by the defendant owner that Duval was in the course and scope of his employment at the time of the collision. The trial court entered judgment for the plaintiff on the jury's verdict in the sum of $9,000 and an additional $500 exemplary damages. Defendants duly perfect appeal to this Court.

■ ■ Appellants' first point of error complains that the trial court failed to grant a mistrial when certain side bar remarks were made by plaintiff's counsel during final jury argument which told or strongly insinuated to the jury that the defendants had liability insurance coverage. The argument in appellants' brief consists of one sentence which relates no facts, cites no authority and merely complains of the court's refusal to grant defendants' motion for mistrial. The point of error not having been briefed it is considered waived. Rule 418, Texas Rules of Civil Procedure; Watson v. Godwin, Tex.Civ.App., 425 S.W.2d 424, writ ref., n.r.e.; Employers' Nat. Life Ins. Co. of Dallas v. Willits, Tex.Civ.App., 436 S.W.2d 918, writ ref., n.r.e. Further, it appears in appellants' Motion for Mistrial that the alleged impropriety occurred during plaintiff's final jury argument, which was not reported. The words complained of are not before this Court for consideration and appellants bring forward no accurate or certified transcript of the language allegedly employed. This does not constitute a proper Bill of Exceptions. Bashrum v. Vinson, Tex.Civ.App., 330 S.W.2d 538, writ ref., n.r.e. Appellants' first point of error is overruled.

Appellants' second point of error is similar to the first. It complains that the trial court erred in failing to permit the defendants to show the prior driving history of plaintiff, James Knighton. The argument contained in appellants' brief again consists of a single sentence which does no more than refer to the Statement of Facts wherein the exclusion is purported to have occurred. Appellants' brief recites no facts and presents no authority for the contention made. Not having been briefed, appellants' second point is considered waived on the authority heretofore cited. It is additionally noted that appellants' Motion for New Trial contains no assignment

**576**

of error to which the second point of error relates and search by this Court does not reveal the tender of the alleged prior driving record claimed by appellants. Appellants' second point of error is overruled.

■ Appellants' third point of error asserts that the trial court erred in submitting special issues nos. 7 and 17 for the reason that there was no finding of gross negligence on the part of the defendant driver Duval and in the absence thereof there was no basis on which to submit an issue relative to gross negligence on the part of the defendant owner. In appellants' fourth point of error it is asserted that the trial court erred in admitting the driving record of Duval into evidence because the defendant owner had stipulated Duval was in the course and scope of his employment and that such stipulation precluded the submission of an issue as to gross negligence on the part of the defendant owner. The paragraphs in defendants' motion for new trial (2 and 4) to which the foregoing points of error are said to be germane, are no evidence, insufficient evidence and weight of the evidence contentions. Appellants' contentions in points of error three and four do not in any manner relate to the designated assignments in its motion for new trial. Indeed, an examina-

tion of the entire motion for new trial discloses no assignment of error which is relevant to points of error 3 and 4. To constitute a proper point of error on appeal an assignment must be traceable to a distinct assignment in a motion for new trial. Rule 324, T.R.C.P.; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (Tex.Sup.1960). Points of error numbers 3 and 4 are not properly before this Court for consideration and both are overruled.

■■ Were we confronted with appellants' contention it is that an entrustor may not be held liable for gross negligence where the person to whom a vehicle is entrusted is not shown to be guilty of other than ordinary negligence. Such contention has been resolved to the contrary. Goff v. Lubbock Building Products, Tex.Civ.App., 267 S.W.2d 201, writ ref., n.r.e.; South Texas Coaches, Inc. v. Eastland, Tex.Civ. App., 101 S.W.2d 878, writ of error dismissed. See also Forgus v. Hodnett, 405 S.W.2d 337 (Tex.Sup.1966). Nor may a defendant charged with gross negligence in the entrustment of a vehicle preclude proof thereof by stipulating agency on the part of the person to whom such vehicle is entrusted.

The judgment of the trial court is affirmed.