Robert L. ERWIN, as next friend of Donnie Erwin, a minor, Appellant,

v.

O. E. CONSOLVO et ux., Individually and d/b/a Crooked Creek Corral, Appellees.

No. 17603.

Court of Civil Appeals of Texas, Fort Worth.

April 4, 1975.

Thorne, Thorne & Robertson, Inc., and Michael A. Robertson, Grand Prairie, for appellant.

Coleman & Philips, Denton (no brief filed), for appellees.

## OPINION

SPURLOCK, Justice.

This suit was brought by Robert L. Erwin, as Next Friend of Donnie Erwin, a Minor, appellants, to recover damages resulting from personal injuries sustained by Donnie Erwin as a result of a fall from a horse owned by the defendants. From the judgment of the court, based on the jury verdict favorable to appellees, appellants appeal. In their one point of error appellants assert that the court erred in refusing plaintiffs' request to make challenges for cause to the jury panel at the close of the voir dire examination.

The jury found no negligence or liability on the part of the defendants toward the minor plaintiff and found that the father failed to properly supervise the activities of his son and allowed only present and future medical expenses.

Appellees filed a motion to dismiss the appeal on the grounds that neither party requested that the court reporter report the voir dire examination to the jury and the questions propounded and the answers given have not been brought forward by the appellants in order for this Court to determine the actual facts as to whether or not the jurors were qualified or disqualified. Appellees there contend that the appellate court, in the absence of a bill of exceptions, must either dismiss the appeal or affirm the judgment.

The only record filed in this Court consists of the transcript certified by the District Clerk, and under separate cover a document entitled, "Excerpt Statement of Facts," not approved by the trial court but approved by counsel for all parties certifying that the "above and foregoing is a true and correct Excerpt Statement of Facts had and evidence adduced upon the trial of the above entitled and numbered cause, at the time and place as shown by the caption hereto," followed by certificate of the court reporter that such transcript is true and correct.

Said "Excerpt Statement of Facts" does not contain any questions asked any of the jury panel, their answers thereto, or the court's ruling thereon. Such Excerpt contains only a statement by plaintiffs' counsel concerning the interpretation of the questions and answers of two members of the jury panel; the statement of defendants' counsel which contradicts the statement made by plaintiffs' counsel; and a statement by the court directed to his court reporter stating that he was going to qualify the bill of exception and from the language used by the Court, it appeared that the Court meant that when a formal bill of exception had been presented to him for his signature that he was going to qualify it. The Court stated that after completion of the voir dire examination he had instructed "the jury to retire for 15 minutes while the parties made their strikes, and at that time, and not until that time, did the Plaintiff ask to strike some of the jurors for cause. Also that Plaintiff made no request for addition strikes or anything else, or made no offer or suggestion that there were other jurors on the panel that he would have to take that were challengeable for cause." The Court concluded, "So, if I need to, I will overrule it." The only thing that the court certified to as transcribed by the court reporter was the request to make challenges.

We hold that such voir dire transcript cannot be construed as even a partial statement of facts under Rule 377, Texas Rules of Civil Procedure.

█ Appellants have not preserved in a written bill of exception the error complained of. The agreement of counsel contained in such voir dire transcript is not tantamount to an agreement that the error complained of may be brought forward for review by any other method than a bill of exception.

In the case of Bashrum v. Vinson, 330 S.W.2d 538 (Houston Civ.App., 1959, ref., n.r.e.), a very similar situation was before the Court. In that case the stated application of law is as follows:

"Appellees have moved this Court to strike and not consider said voir dire transcript. We agree with appellees that appellant has failed to bring forward the alleged improper action of the trial court in such manner that it may be considered by this Court. Bolstad v. Egleson, Tex.Civ. App., Houston, 1959, 326 S.W.2d 506; Stein v. Boehme, Tex.Civ.App., Eastland, 1957, 302 S.W.2d 663; City of Houston v. Huber, Tex.Civ.App., Houston, 1958, 311 S.W.2d 488; Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139.

"Our Supreme Court, in Pritchett v. Highway Insurance Underwriters [158 Tex. 116], 309 S.W.2d 46, 50 stated: 'Only when the complaining party has presented the matter in a bill of exceptions is the opportunity afforded to his adversary and to the court for the addition of an appropriate qualification that might render harmless argument that otherwise would be improper or prejudicial.' We think the same reasoning is applicable to the matter complained of in this case. It is apparent from the voir dire transcript and from the statement of appellees' counsel contained therein that such transcript does not contain a complete record of what transpired on the voir dire examination of the jury generally. Had the alleged improper action been brought forward properly in a bill of exception, it is quite probable that there would have been added thereto some appropriate qualification that might serve as an important factor in deciding whether the court erred."

For the purpose of this opinion we are treating the statements of appellants' counsel as an implied challenge for cause which was overruled by implication; although the record does not fully support such implication.

■ Although we think appellants' failure to bring forward in proper manner the error complained of is determinative of this suit, we shall briefly refer to appellants' contention that two members of the jury panel were biased and disqualified as a matter of law.

Appellants assert that two members of the jury panel were biased and prejudiced and therefore were disqualified as a matter of law from serving on the jury and he had to exercise two peremptory challenges to remove them from the jury list. Article 2134, Subd. 4, Vernon's Ann.Civ.Tex.St., provides that, "Any person who has a bias or prejudice in favor of or against either of the parties" is disqualified. These terms are not defined by the Statute.

■ When prejudice or bias has been established, the juror is disqualified under the terms of the above article, although he may testify that such bias or prejudice would not affect his decision. Kansas City Life Ins. Co. v. Elmore, 226 S.W. 709 (Amarillo Civ.App., 1920, no writ hist.); Lumbermen's Insurance Corporation v. Goodman, 304 S.W.2d 139 (Beaumont Civ. App., 1957, ref., n.r.e.).

■ The ultimate question of whether a prospective juror is in fact disqualified by reason of interest, bias or prejudice or for some other cause, must depend upon the evidence. The record before us does not contain any of the testimony produced before the court upon voir dire examination, nor does the record show that appellants preserved the error complained of by way of a bill of exception. Without the testimony of the jurors on voir dire examination or a bill of exception, we cannot say that the trial court erred in impliedly finding that the jurors in question were not disqualified. The court had an opportunity to see, hear and size up the jurors and was in a much better position than we to determine their qualification. McBroom v. Brown, 277 S.W.2d 310 (Beaumont Civ. App., 1955, ref., n.r.e.). We cannot assume or surmise that there was no evidence to support the trial court's finding. On the contrary, in the absence of any testimony produced on voir dire examination

or a bill of exception, it must be conclusively presumed that there was sufficient evidence to support the trial court's finding. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951). Such finding is binding on this Court and may not be disturbed on appeal. Bashrum v. Vinson, supra; Woolam v. Central Power & Light Co., 211 S.W.2d 792 (San Antonio Civ. App., 1948, no writ hist.); City of Hawkins v. E. B. Germany and Sons, 425 S.W. 2d 23 (Tyler Civ.App., 1968, ref., n.r.e.).

 The statement of each of the attorneys for the parties contained in the "Excerpt Statement of Facts" are contradictory and even if such were supported by testimony a fact issue was raised as to whether bias or prejudice exists. When such fact issue exists the finding of the trial court is binding upon the appellate court in the absence of a showing of an abuse of discretion.

This rule is well stated in Bashrum v. Vinson, supra, "Furthermore, the court may have been aware of other questions and answers on the voir dire examination generally which might have had an important bearing on the court's ruling. Since there is no written bill of exception, as hereinabove stated, the trial court had no opportunity to add some possible controlling or important qualification. This Court may only surmise as to such fact in the absence of a bill of exception, and must necessarily conclude that a fact issue was presented for the trial court's decision. Under these circumstances, the court's implied finding that Saunders was not biased in favor of either party or prejudiced against plaintiffs generally is binding upon this Court. Allmon v. Texas Electric Service Co., Tex.Civ.App., 242 S.W.2d 806, ref., n.r.e.; Cagle v. McQueen, 5 Cir., 200 F.2d 186; Woolam v. Central Power & Light Co., Tex.Civ.App., 211 S.W.2d 792; Allbright v. Smith, Tex.Com.App., 5 S.W. 2d 970."

Appellants contend that the statements of the attorneys contained in the "Excerpt Statement of facts" constitute a bill of exception under Rule 372, Subd. (*l*), T.R.C.P.

The rule is well stated in the case of Bashrum v. Vinson, supra, in which that court stated in effect that: If during voir dire examination of the panel, a juror is challenged for cause and the challenge is overruled by the judge, it is a proper method to obtain review that the occurrence be preserved in a bill of exception. The bill of exception should set out the voir dire examination touching the occurrence in its entirety, including any question the judge may have asked, and the court's ruling. This part of the bill of exception would reflect the error, if any. See also Adams Leasing Company v. Knighton, 456 S.W.2d 574 (Houston Civ.App., 14th Dist., 1970, no writ hist.); and Bolstad v. Egleson, 326 S.W.2d 506 (Houston Civ.App., 1959, ref., n.r.e.).

We overrule the point of error.

Judgment is affirmed.